___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

___

Case No.: 8:22-cv-02178-FWS-DFM                                  Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [18]**

 Before the court is Defendant City of Newport Beach's ("Defendant") Motion to Dismiss Complaint ("Motion" or "Mot."). (Dkt. 18). Plaintiff Yaxian Fan ("Plaintiff"), appearing *pro se*, opposes the Motion.[1] (Dkt. 22.) The court found this matter appropriate for resolution without oral argument and took the matter under submission on June 13, 2023. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Motion is **GRANTED.**

 **I. Summary of the First Amended Complaint's Allegations**

 Plaintiff brings this action following an unsuccessful personal injury suit against Defendant in Orange County Superior Court. (*See generally* Dkt. 1.) In the Complaint, Plaintiff asserted a negligence claim against Defendant arising from a slip and fall incident in

___

[1] On June 15, 2023, the day this matter was set for hearing, Plaintiff also filed a document titled "In Continue to Oppose Motion to Dismiss, to pursuant to FRCP 26 for Fair Procedure and Children's Safety." (Dkt. 25.) This document was filed after the deadline to file an opposition to the Motion, and thus the court does not consider it. *See* L. R. 7-9; 7-12.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                                   Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

Marina Park, California.  (*See generally id.*)  On December 27, 2022, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction.  (Dkt. 8.)  The court granted the motion to dismiss and dismissed the Complaint without prejudice for lack of subject matter jurisdiction on February 24, 2023.  (Dkt. 15.)

Plaintiff filed a First Amended Complaint on March 24, 2023.  (Dkt. 16 ("FAC").)  In the First Amendment Complaint, Plaintiff alleges Defendant and Defendant Orange County Superior Court in the City of Santa Ana ("Orange County Superior Court"),[2] along with various court clerks, engaged in a conspiracy to violate Plaintiff's due process rights, including by allowing the courtroom clerk to "hold on [to] Plaintiff's documents and twice disallowed scan to Orange County Superior Court Register Online Access, ROA Docket."  (Dkt. 16 ("FAC") ¶¶ 2, 4, 9.)  As a result, the Orange County Superior Court judge who heard Plaintiff's state court action could not access her documents.  (*Id.* at ¶ 5.)  Plaintiff alleges that she filed three complaints with the presiding judge between 2021 and 2023, but the courtroom clerk refused to scan these documents into the docket in violation of Plaintiff's due process rights.  (*Id.* ¶ 10.)

Plaintiff also alleges the presiding judge in the state court action did not ask Plaintiff to respond to her tentative ruling before granting summary judgment in favor of Defendant.  (*Id.* ¶¶ 12-15.)  Plaintiff asserts the judge's decision was "only based on the City's file and evidence proof she did not engage Oral Argument, and abusive of power in violation of Due Process Fourteenth Amendment."  (*Id.* ¶ 15.)  In addition, Plaintiff alleges that the "Appellate Court of Fourth Appellate District Division Three" violated her due process rights by dismissing her appeal as untimely and adopting defense counsel's position.  (*Id.* ¶¶ 16-18.)

---

[2] In the FAC's caption, Plaintiff identifies "Orange County Superior Court in the City of Santa Ana" as the second defendant.  (*See* FAC at 1.)  Plaintiff later alleges Courtroom Operation Supervisor Stacy D. Secours participated in the alleged due process violations.  (*See, e.g., id.* ¶¶ 2, 4, 6, 9, 19.)  Although Plaintiff does not identify Ms. Secours as a defendant, the court includes Plaintiff's allegations against Ms. Secours and other unnamed courtroom clerks below.  (*See generally* Dkt.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

Based on these allegations, Plaintiff requests the following relief: (1) that the court dismiss or invalidate the grant of summary judgment; (2) a "demand for Protection of human rights, Citizen Civil Right, Due Process Right to make sure Court proceedings if fair, that proper laws were applied correctly, Pursuant to Due Process Clause of Fourteenth Amendment"; and (3) compensatory damages, including general and special damages according to proof.  (*Id.* ¶¶ 11, 15, 29-31, 32.)

## II. Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                                Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

### III. Discussion

#### A. Motion to Dismiss

In the Motion, Defendant argues the FAC should be dismissed because: (1) Plaintiff has not alleged sufficient facts to state a Fourteenth Amendment claim against Defendant; and (2) the FAC fails to establish the court's subject matter jurisdiction. (Mot. at 5-6.) In particular, Defendant argues that the FAC's allegations indicate that Plaintiff was afforded adequate procedural and substantive due process when litigating the state court action. (*Id.* at 5.) In the Opposition, Plaintiff maintains the FAC states a procedural due process claim against Defendant by virtue of Plaintiff's counsel's litigation conduct. (*See* Opp. at 1-11.)

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983, which provides a remedy for the deprivation of federal constitutional and statutory rights by a person acting under the color of state law. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). "To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States[] and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff also must "demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "Such causation 'can be established' either 'by some kind of direct personal participation in the deprivation' or 'by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (quoting *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994)).

In this case, Plaintiff alleges her Fourteenth Amendment due process rights were violated by Defendant, the Orange County Superior Court, its employees, defense counsel, and the California Court of Appeals, Fourth Division because: (1) she did not received a stamped cover page as promised by a clerk in Orange County Superior court in connection with her summary judgment filing; (2) the presiding judge issued her order granting summary judgment in favor of Defendant without oral argument; (3) Defendant's counsel recovered costs against Plaintiff as

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFMDate: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

the prevailing party in that suit; (4) Defendant's counsel filed and later withdrew a sanctions motion against Plaintiff, which Plaintiff contends demonstrates the motion was filed in bad faith; (5) the California Court of Appeals dismissed the appeal as untimely; and (6) Defendant still has not added appropriate warning signs to the hazard that caused Plaintiff's original injury. (FAC ¶¶ 4-28.)

The Due Process Clause of Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., amend. XIV. "A procedural due process claim under the Fourteenth Amendment has three elements: '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.'" *Herrera v. Alliance One Receivable Mgmt., Inc.*, 170 F. Supp. 3d 1282, 1288 (S.D. Cal. 2016) (citing *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1994)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldrige*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

The court finds the FAC's allegations fail to state a due process claim under 42 U.S.C. § 1983 for four reasons. First, Plaintiff has not adequately alleged a municipal policy caused Plaintiff's injury so as to establish Defendant's liability under section 1983. Local governments and municipalities can only be held liable pursuant to section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978)). Thus, to establish a claim for municipal liability, the plaintiff must allege that: "(1) [the plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). In this case, Plaintiff has not sufficiently alleged a policy attributable to Defendant or that such policy was the moving force behind the alleged constitutional violation. (*See generally* FAC.) Accordingly, the court concludes Plaintiff has failed to state a section 1983 claim against Defendant. *See, e.g.*, *Tillman v. L.A. Cnty. Dist. Att'y's Off.*, 2023 WL 5505891, at *11-12

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

(C.D. Cal. July 31, 2023) (finding plaintiff failed to state a procedural due process claim against a municipal entity where plaintiff did not allege a policy or causation).

Second, Plaintiff's due process claims against the Orange County Superior Court, its employees acting in their official capacity, and the California Court of Appeals are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). The Eleventh Amendment also bars claims for monetary damages against state officials acting in their official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benson v. Oberholtzer*, 2022 WL 2334037, at * (C.D. Cal. May 18, 2022) ("The Eleventh Amendment thus bars claims for monetary relief against Defendants Superior Court judges in their official capacity.") (citations omitted).

In this case, the FAC seeks monetary damages from the Orange County Superior Court, a superior court judge, courtroom clerks, and the California Court of Appeals. (*See generally* FAC.) The Orange County Superior Court and the California Court of Appeals constitute arms of the state. *See, e.g., Narula v. Orange Cnty. Superior Ct.*, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (affirming dismissal of claims against the Orange County Superior Court as barred by the Eleventh Amendment); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding claims against state courts under section 1983 are barred by the Eleventh Amendment); *Greenlaw v. Cnty. of Santa Clara*, 125 F. App'x 809, 810 (9th Cir. 2005) (same). Moreover, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (quoting *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). Therefore, Plaintiff's due process claims against the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                                                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

Orange County Superior Court, its individual officers acting in their official capacity, and the California Court of Appeals are barred by the Eleventh Amendment.[3]

   Third, to the extent Plaintiff asserts section 1983 claims against the Orange County Superior Court judge and court clerks in their individual capacities, these claims fail because the judge and court clerks are entitled to absolute judicial immunity. Absolute judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Absolute immunity 'is not reserved solely for judges[] but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (quoting *In re Castillo*, 297 F.3d at 947).

   In this case, the court finds both the Orange County superior judge and courtroom clerks, including Ms. Secours, are entitled to absolute or quasi-judicial immunity because their conduct, as alleged in the FAC, was "an integral part of the judicial process." *See In re Castillo*, 297 F.3d at 947. Relevantly, Plaintiff alleges she did not receive a stamped cover page from a courtroom clerk in connection with her summary judgment filing, that the clerks did not file Plaintiff's documents, and that the presiding judge granted summary judgment in favor of Defendant without oral argument. (*See, e.g.*, FAC ¶¶ 6-10, 12-15.) The Orange County Superior Court judge is entitled to absolute judicial immunity with respect to the grant of summary judgment because this conduct constitutes "a function normally performed by a judge and the parties to the act were dealing with the judge in [her] judicial capacity." *Rote v. Comm.*

---

[3] Based on the record, including Plaintiff's requested request, the court finds no exception to Eleventh Amendment immunity applies here. *See Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of the United States*, 577 F. Supp. 3d 1106, 1125 (D. Or. 2021) ("Congress did not abrogate state sovereign immunity when it enacted §§ 1983 and 1985.") (citations omitted); *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023) ("[T]he Eleventh Amendment does not bar an action seeking prospective relief against a state official for a violation of federal law.") (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

on Jud. Conduct & Disability of Jud. Conf. of the United States*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021) (citations omitted).

Similarly, the courtroom clerks are entitled to absolute quasi-judicial immunity based on their filing of court papers. *See, e.g.*, *Haile v. Sawyer*, 76 F. App'x 129, 130 (9th Cir. 2003) (affirming district court's dismissal of claims against the court clerk because the clerk was "entitled to absolute quasi-judicial immunity for actions that are 'an integral part of the judicial process,' and [plaintiff's] claims are based on the clerk's filing of court papers.") (quoting *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *Robben v. Cal. Supreme Ct.*, 2018 WL 4502486, at *2 (E.D. Cal. Sept. 20, 2018) (finding plaintiff's claims against court clerks for failing to file documents were barred by quasi-judicial immunity); *see also Gay v. Parsons*, 61 F.4th 1088, 1094 (9th Cir. 2023) (noting Ninth Circuit precedent provides "absolute immunity for administrative actions taken in the immediate leadup to the judicial action . . . on the theory that docket management is part of the judicial function"). Accordingly, the court concludes Plaintiff has also failed to state a claim against the Orange County Superior Court judge or the courtroom clerks in their individual capacities.

Fourth, to the extent Plaintiff alleges a section 1983 claim against Defendant and defense counsel based on their litigation conduct, the court finds: (1) Plaintiff has not named defense counsel as a defendant; (2) her allegations all relate to conduct protected under the *Noerr-Pennington* doctrine; and (3) the FAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies. "The *Noerr–Pennington doctrine* . . . provides that litigation activity (including pre-litigation cease-and-desist letters) cannot form the basis of liability unless the litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability" and immunity thereunder "applies to claims under § 1983 that are based on the petitioning of public authorities"). The doctrine extends "to litigation activities by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see also Kearney v. Foley & Lardner, LLP*,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

590 F.3d 638, 645 (9th Cir. 2009)) ("The agents of that litigation—employees and law firms and lawyers—may benefit from the immunity as well.").

To determine whether the *Noerr-Pennington* doctrine immunizes a defendant's conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute protected petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644).

As discussed above, the FAC alleges Defendant and defense counsel allowed the courtroom clerk to hold onto Plaintiff's documents, recovered costs against Plaintiff as the prevailing party in that suit, and filed and later withdrew a sanctions motion against Plaintiff. (*See, e.g.*, FAC ¶¶ 19-25.) At the first step of the *Noerr-Pennington* analysis, the court finds the FAC challenges defensive petitioning activity by Defendant and defense counsel such that "the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *See Kearney*, 590 F.3d at 645. At the second step, the court finds the alleged activities, namely filing motions in state court and litigating the case, constitute petitions and "conduct incidental to the prosecution of the suit" protected by the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute communications to the court may be fairly described as petitions," including "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something") (internal quotation marks, alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) ("*Noerr–Pennington* immunity, and the sham exception, also apply to defensive pleadings . . . because asking a court to deny one's opponent's petition is also a form of petition . . . .") (citation omitted). At the third step, the court finds Plaintiff has not identified any aspect of section 1983 that proscribes Defendant and defense counsel's litigation conduct at issue here. *See, e.g.*, *Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington* doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities). Thus, the court concludes the *Noerr-Pennington*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

doctrine bars Plaintiff's section 1983 claims against Defendant and defense counsel unless a sham exception applies.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)).

Here, Plaintiff does not adequately allege that her section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine. The second sham exception does not apply because Plaintiff does not allege "a series of lawsuits." *See id.* With respect to the first sham exception, Plaintiff has not sufficiently alleged that Defendant and defense counsel's defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" because Plaintiff concedes that judgment was entered in Defendant's favor in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) ("A winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham.") (quoting *Pro. Real Est. Invs. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 n.5 (1993)). Likewise, with respect to the third sham exception, Plaintiff has not adequately alleged any intentional misrepresentations that Defendant or defense counsel made to the court during the state court proceedings. *See Sosa*, 437 F.3d at 938. Accordingly, the court concludes Plaintiff's section 1983 claim against Defendant and defense counsel is barred by the *Noerr-Pennington* doctrine.

Finally, Plaintiff briefly mentions a premises liability claim against Defendant based on the slip and fall incident. (FAC ¶ 28.) The FAC indicates the slip and fall incident occurred "five years ago." (*Id.* ¶ 26.) The FAC also does not allege any facts suggesting that equitable tolling or any other tolling doctrine applies. *See generally Lukovsky v. City & Cnty. of S.F.*, 535

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM  Date: September 29, 2023

Title: Yaxian Fan v. City of Newport Beach *et al.*

F.3d 1044, 1051-52 (9th Cir. 2008); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101-03 (2008). Therefore, the court concludes the premises liability claim is barred by the two-year statute of limitations applicable to causes of action for personal injury under California law. *See* Cal. Civ. Proc. § 335.1.

In sum, because the court finds the FAC has failed to state a claim for relief against any defendant, the court **GRANTS** the Motion and **DISMISSES** the FAC.

    **B.**     **Leave to Amend**

The court next considers whether the FAC should be dismissed with leave to amend. "When justice requires, a district court should 'freely give leave' to amend a complaint." *Ctr. for Bio. Diversity v. United States Forest Serv.*, --- F.4th ---, 2023 WL 5660071, at *9 (9th Cir. Sept. 1, 2023) (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016)). "Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Likewise, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Nonetheless, a district court may deny leave to amend due to "'countervailing considerations' such as 'undue delay, prejudice, bad faith, or futility.'" *Ctr. for Bio. Diversity*, --- F.4th ---, 2023 WL 5660071, at *1 (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)). "Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'" *Id.* (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Additionally, a "district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

_____

**CIVIL MINUTES – GENERAL**     12

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

The court has granted Plaintiff leave to amend her Complaint once before. (*See* Dkt. 15.) At this juncture, the court finds that granting Plaintiff leave to amend her section 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals would be futile based on Eleventh Amendment and absolute judicial immunity. *See, e.g.*, *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (affirming district court's dismissal of claims against individual state officers without leave to amend because claims were futile based on Eleventh Amendment immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming district court's denial of leave to amend where plaintiff's allegations were insufficient to overcome judicial immunity); *Narula*, 2022 WL 17500721, at *1 (affirming dismissal of claims against the Orange County Superior Court with prejudice where claims were barred by the Eleventh Amendment). The court also finds granting Plaintiff leave to amend her premises liability claim would be futile because it is time-barred. *See, e.g.*, *Anderson v. Anthem Blue Cross*, 776 F. App'x 465, 465 (9th Cir. 2019) (affirming dismissal of claims barred by the statute of limitations without leave to amend).

However, the court finds that the deficiencies in Plaintiff's section 1983 claim against Defendant and defense counsel could possibly be cured by amendment and therefore **GRANTS** Plaintiff leave to amend those claims only. *See B&G Foods N. Am.*, 29 F.4th at 541-42.

Accordingly, the court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**. The court also **DISMISSES** Plaintiff's premises liability claim against Defendant **WITHOUT LEAVE TO AMEND**. The court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against Defendant and defense counsel **WITH LEAVE TO AMEND**. If Plaintiff wishes to file an amended complaint, Plaintiff must file a second amended complaint that complies with this Order no later than **October 31, 2023.**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-02178-FWS-DFM | Date: September 29, 2023 |
| Title: Yaxian Fan v. City of Newport Beach *et al.* | |

**IV.    Disposition**

    For the reasons states above, the court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**.  The court also **DISMISSES** Plaintiff's premises liability claim against Defendant **WITHOUT LEAVE TO AMEND**.  The court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against Defendant and defense counsel **WITH LEAVE TO AMEND**.  Any amended complaint, consistent with this Order, shall be filed by Plaintiff no later than **October 31, 2023.**

    **IT IS SO ORDERED.**

                                                    Initials of Deputy Clerk:  mku