Keith E. Rodenhuis, Esq. (SB# 254465)
Email: Keith@KERLegalGroup.com
Rodger S. Greiner, Esq. (SB# 144123)
Email: Rodger@KERLegalGroup.com

KER LEGAL GROUP
2601 Main Street, Suite 560
Irvine, CA 92614
Ph: (949) 252-9937
Fx: (888) 292-4576

Attorney for Defendant,
City of Newport Beach

*Exempt From Filing Fees Pursuant To California Government Code §6103*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAXIAN FAN<br><br>     Plaintiff,<br><br>  vs.<br><br>CITY OF NEWPORT BEACH; and KEITH E. RODENHUIS,<br><br>     Defendants. | Case No.: 8:22-CV-02178-FWS-(DFMx)<br><br>**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**DATE:** January 25, 2024<br>**TIME:** 10:00 a.m.<br>**JUDGE:** Hon. Fred W. Slaughter<br>**DEPT.:** 10D |

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on January 25, 2024 at 10:00 a.m. before the Honorable Fred W. Slaughter in Courtroom 10D of the United States Courthouse for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, Defendant CITY OF NEWPORT BEACH ("Defendant" or "City") will and hereby does move the Court to dismiss the Second Amended Complaint ("SAC") for

"Response Civil Minutes to Pursuant Fair Justice and Children's Safety, Continue for the Scheduled Court Trial on May 16, 2024." (Docket No. 31) pursuant to *Federal Rule of Civil Procedure*, Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Local Rule 7-3, on November 14, 2023, Defendant's counsel sent Plaintiff, Yaxian Fan ("Plaintiff") a meet and confer letter identifying the defects of Plaintiff's lawsuit. On November 15, 2023, counsel for Defendant also spoke with Fan to confer. Counsel explained that (1) Plaintiff could not sue under the federal question jurisdiction as the *Noerr-Pennington* doctrine immunized the Defendants from the allegations alleged in her SAC and (2) Plaintiff's premises liability claim was dismissed without leave to amend. All efforts to educate and persuade Ms. Fan to dismiss her SAC failed and the parties were unable to reach a resolution other than to the date for hearing of the motion. Decl. of Keith E. Rodenhuis, ¶ 2-5.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff fails to allege facts showing any question of federal law. Instead, Plaintiff is alleging a conspiracy between KER Legal Group and the entire state court system arising out of her general negligence case for personal injuries. Yet Plaintiff still fails to assert any articulable cause of action against The City. The premises liability claim against the City was dismissed with prejudice. Additionally, the City is protected under the *Noerr-Pennington* doctrine for any other allegations alleged in the SAC against the City.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Declaration of Keith E. Rodenhuis; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

//

//

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT**

DATED: November 21, 2023

Respectfully submitted,

**KER LEGAL GROUP**

BY: _____

KEITH E. RODENHUIS, ESQ.
Attorney for Defendant,
City of Newport Beach

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND
MOTION TO DISMISS AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................ 7

II.   FACTS AND PROCEDURAL BACKGROUND .................................. 7

III.  ARGUMENT AND MEMORANDUM OF LAW ................................. 9

    A.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
        STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
        PER F.R.C.P., RULE 12(B)(6). ........................................................ 9

        1. STEP 1: FAN'S SUIT BURDENS THE CITY'S PETITIONING
           RIGHTS. ................................................................................ 11

        2. STEP 2: DEFENDANT'S CONDUCT IS PROTECTED
           PETITIONING ACTIVITY. ......................................................... 12

        3. STEP 3: §1983 CANNOT BE CONSTRUED TO AVOID
           BURDENING DEFENDANT'S PROTECTED PETITIONING
           ACTIVITY ............................................................................... 13

        4. THE SHAM EXCEPTION TO THE *NOERR-PENNINGTON*
           DOCTRINE DOES NOT APPLY .................................................. 13

IV.  CONCLUSION. .............................................................................. 14

1

### **TABLE OF AUTHORITIES**

2

<u>CASES</u>

3

*Anderson v. Anthem Blue Cross*,

4

     776 F. App'x 465, 465 (9th Cir. 2019) ................................................................. 9

5

*Ashcroft v. Iqbal*,

6

     556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................... 8

7

*B&G Foods N. Am., Inc. v. Embry*,

8

     29 F.4th 527, 532 n.1 (9th Cir. 2022) ........................................................... 10, 13

9

*Cook v. Brewer*,

10

     637 F.3d 1002, 1004 (9th Cir. 2011) ................................................................... 8

11

*Empress LLC v. City & Cnty. of S.F.*,

12

     419 F.3d 1052, 1056 (9th Cir. 2005) ................................................................. 10

13

*Freeman v. Lasky, Haas & Cohler*,

14

     410 F.3d 1180, 1184 (9th Cir. 2005) ................................................................. 11

15

*Hamilton v. Brown*,

16

     630 F.3d 889, 892-93 (9th Cir. 2011) ................................................................. 8

17

*Ileto v. Glock Inc.*,

18

     349 F.3d 1191, 1200 (9th Cir. 2003) ................................................................... 9

19

*In re Gilead Scis. Sec. Litig.*,

20

     536 F.3d 1049, 1055 (9th Cir. 2008) ................................................................... 8

21

*Kearney v. Foley & Lardner, LLP*,

22

     590 F.3d 638, 645 (9th Cir. 2009) ............................................................... 10, 11

23

*Kottle v. NW. Kidney Ctrs.*,

24

     146 F.3d 1056, 1060 (9th Cir. 1998) ................................................................. 13

25

*Neitzke v. Williams*,

26

     490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989) ..................... 8

27

*Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*,

28

     745 F.3d 343, 347 n.1 (9th Cir. 2014) ............................................................... 10

*Sosa v. DIRECTV, Inc.*,
     437 F.3d 923, 933 (9th Cir. 2006) .......................................................... 11, 12, 13
*Starr v. Baca*,
     652 F.3d 1202, 1216 (9th Cir. 2011) ...................................................................... 8
*White v. Lee*,
     227 F.3d 1214, 1232 (9th Cir. 2000) ................................................................... 13
*Williams v. Jones & Jones Mgmt. Grp.*,
     2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) .............................................. 12
*Woods v. Carey*,
     525 F.3d 886, 889-90 (9th Cir. 2008) ..................................................................... 8
*Zamani v. Carnes*,
     491 F.3d 990, 996 (9th Cir. 2007) ........................................................................... 8

**STATUTES**

28 U.S.C. § 1331 ................................................................................................................ 7

42 U.S.C. § 1983 ...................................................................................................... passim

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND
MOTION TO DISMISS AMENDED COMPLAINT**

## I.  **INTRODUCTION**

Plaintiff, YA XIAN FAN, ("Fan" or "Plaintiff") initially filed this suit against the CITY OF NEWPORT BEACH (the "City") seeking to recover for injuries she sustained **on May 15, 2018 – over four and a half years ago** - when she jumped off a lifeguard tower near 1600 W Balboa Blvd in Newport Beach, California. (See, Docket No. 1).

Plaintiff's original Complaint sued under diversity jurisdiction (See Docket No. 1). Thereafter, Plaintiff filed a First Amended Complaint ("FAC") which was dismissed by way of the City's granted Motion to Dismiss. Plaintiff's Premises Liability Claim was dismissed without leave to amend. Plaintiff's 42 U.S.C. §1983 Claim was dismissed with leave to amend.

Plaintiff now "files 2nd amended complaint for response civil minutes to pursuant fair justice and children's safety, continue for the scheduled court trial on May 16, 2024." While this is Plaintiff's third attempt to file a meritorious federal lawsuit against the City and now against defense counsel, Keith Rodenhuis[1], the defects of the Plaintiff's Second Amended Complaint ("SAC"), as addressed in the Court's Minute Order granting the City's Motion to Dismiss the FAC, remain in the SAC.

While dismissed without leave to amend, Plaintiff continues to litter her SAC with her premises liability claim. Additionally, Plaintiff's 42 U.S.C. §1983 claims must be dismissed for the same reasons it was previously dismissed from the FAC. The Defendant's alleged conduct is immune under the *Noerr-Pennington* doctrine.

## II.  **FACTS AND PROCEDURAL BACKGROUND**

On May 15, 2018, Plaintiff, a 66-year-old California citizen and resident of Irvine, California, went to the beach with her family. Plaintiff walked the beach and decided to take a break to soak in the bayside views. Plaintiff saw an unmanned lifeguard tower and decided it was the perfect place to rest. She climbed to the top platform where she sat

---

[1] Defendants City of Newport Beach and Keith E. Rodenhuis collectively referred to herein as "Defendants".

with her legs dangling for approximately ten (10) minutes before deciding to jump down.  As her feet hit the sand, the momentum caused her to fall forward into the sand thereby (allegedly) injuring her left arm and side.[2]

On May 24, 2019, Plaintiff filed a civil action in Orange County Superior Court ("OCSC") for the exact same claims and set of facts as the instant case. See, OCSC Case No. 30-2019-01072057-CU-PO-NJC.  Plaintiff's OCSC case was dismissed by way of a motion for summary judgment which the Court of Appeal, Fourth District affirmed. Plaintiff's petition for review was also denied by the California Supreme Court. Plaintiff's claim has already been fully adjudicated. Plaintiff is now suing in federal district court pursuant to 28 U.S.C. § 1331: Federal Question.

The SAC essentially alleges (1) an improper premises liability claim against the City and (2) that Defendants allowed the OCSC courtroom clerk to hold onto Plaintiff's documents, recovered costs against Plaintiff as the prevailing party in that suit, and filed and later withdrew a sanctions motion against Plaintiff. Specifically, Plaintiff asserts numerous allegations[3] against the City – all of which, if accepted as true, are protected under the *Noerr-Pennington* doctrine.

Plaintiff is now presenting this SAC in an attempt to delay paying costs owed the City related to the Superior Court lawsuit and for the improper purpose of harassing the City of Newport Beach and its counsel for diligently defending the state claims against

---

[2] These facts were undisputed in the motion for summary judgment filed in the Orange County Superior Court by Defendant City of Newport Beach.  The City's motion was granted, and the Plaintiff's appeal denied.  See, OCSC Case No. 30-2019-01072057-CU-PO-NJC. While not germane to this motion, the City includes them to provide the Court with case background and context.

[3] See SAC, p. 2:13-15; SAC, p. 2:21-24; SAC, p. 2:26-3:2; SAC, p. 3:3-6; SAC, p. 3:13-16; SAC, p. 4:8-12; SAC, p. 8:20-25; SAC, p. 9:1-4; SAC, p. 10:3-9; SAC, p. 10:26-28; SAC, p. 11:5-6; SAC, p. 11:28-12:5; SAC, p. 12:22-23; SAC, p. 14:5-9; SAC, p. 15:26-16:2; SAC, p. 16:19-21; SAC, p. 17:2-3; SAC, p. 17:17-22; SAC, p. 17:25-26; SAC, p. 18:1; SAC, p. 18:15-19; SAC, p. 20:2-6

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND**
**MOTION TO DISMISS AMENDED COMPLAINT**

1    the City and being the prevailing party.

## III.    ARGUMENT AND MEMORANDUM OF LAW

**A.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PER F.R.C.P., RULE 12(B)(6).**

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume

9

1  the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*,
2  349 F.3d 1191, 1200 (9th Cir. 2003).

3      **A. PLAINTIFF'S IMPROPERLY FILED CLAIM FOR PREMISES LIABILITY IN**
4          **VIOLATION OF PREVIOUS COURT MINUTE ORDER.**

5          Beyond the premises liability claim, Plaintiff fails to state *any* allegations against
6  the City of Newport Beach.  The premises liability claim has already been adjudicated
7  in California state court and is time-barred. According to the Court's September 29,
8  2023 Minute Order, "The court also finds granting Plaintiff leave to amend her
9  premises liability claim would be futile because it is time-barred. See, e.g., *Anderson v.*
10 *Anthem Blue Cross*, 776 F. App'x 465, 465 (9th Cir. 2019) (affirming dismissal of
11 claims barred by the statute of limitations without leave to amend) . . . The court also
12 **DISMISSES** Plaintiff's premises liability claim against Defendant **WITHOUT**
13 **LEAVE TO AMEND**." Docket No. 28 – Minute Order Granting Defendant's Motion
14 to Dismiss Plaintiff's FAC.
15          As Plaintiff failed to present any claim against the City of Newport Beach but the
16 Premises Liability Claim, the SAC should be dismissed against the City without leave
17 to amend.

18      **B. PLAINTIFF'S 42 U.S.C. SECTION 1983 CLAIM FAILS.[4]**
19
20          To the extent Plaintiff alleges a 42 U.S.C. section 1983 claim against Defendants
21 based on their litigation conduct, Plaintiff's allegations all relate to conduct protected
22 under the *Noerr-Pennington* doctrine and the SAC does not plausibly allege facts
23 suggesting the "sham" exception to that doctrine applies.
24          "The *Noerr–Pennington doctrine* . . . provides that litigation activity (including
25 pre-litigation cease-and-desist letters) cannot form the basis of liability unless the

26      _____

27 [4] While it appears the Plaintiff's 42 U.S.C section 1983 claim is only directed at
   Defendant Keith E. Rodenhuis, out of an abundance of caution, it is also addressed
28 herein as it may relate to the City.

1    litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th
2    Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d
3    343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty.
4    of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine,
5    those who petition all departments of the government for redress are generally immune
6    from liability" and immunity thereunder "applies to claims under § 1983 that are based
7    on the petitioning of public authorities"). The doctrine extends "to litigation activities
8    by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see
9    also Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 645 (9th Cir. 2009)) ("The
10   agents of that litigation—employees and law firms and lawyers—may benefit from the
11   immunity as well.").

12          To determine whether the *Noerr-Pennington* doctrine immunizes a party's
13   conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit
14   imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute
15   protected[ petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to
16   [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644). If the answer to each
17   step is "yes," then the City and defense counsel's conduct is immunized. *Ibid.*

18          As explained below, and as the Court has previously determined (see, Docket
19   No. 28 – Court Minute Order re. Motion to Dismiss FAC), the answer to each step of
20   the *Noerr-Pennington* doctrine analysis as to Plaintiff's claims is "yes" and the
21   Defendant's conduct is therefore protected.

22          **1.    Step 1: Fan's Suit Burdens the City's Petitioning Rights.**

23
24          Step one of the *Noerr-Pennington* doctrine analysis asks, "whether the success of
25   [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *Kearney*, 590 F.3d
26   at 645. In conducting this inquiry, the court does not consider any alleged misconduct
27   tied to the petitioning activities. *Id.* Rather, when the petitioning activity is incidental to
28   the prosecution of a suit, the question is whether plaintiff's lawsuit "places a burden on

1   [defendant's] ability" to prosecute its suit. *Id.*

2       At the first step, the SAC challenges defensive petitioning activity by the City
3   and defense counsel such that "the success of [Plaintiff's] lawsuit would constitute a
4   burden on petitioning rights." *See Kearney*, 590 F.3d at 645. In the present case, the
5   Defendants' lobbying was directed at two distinct ends—opposing Plaintiff's case
6   against the City of Newport Beach and stopping the harassing filing of documents
7   against the City once the Court granted the City's Motion for Summary Judgment and
8   Plaintiff's case was effectively over.

9       Accordingly, the answer to the first step of the *Noerr-Pennington* doctrine
10  analysis is "yes".

11          **2.    Step 2: Defendant's Conduct is Protected Petitioning Activity.**

12      The federal courts have determined that protected petitioning activity extends to
13  litigation activities by government actors and their attorneys by holding that conduct
14  related to an eminent domain suit, which allegedly violated § 1983, was protected
15  petitioning. *Kearney*, 590 F.3d at 644– 45.  "*Noerr–Pennington* immunity, and the
16  sham exception, also apply to defensive pleadings . . . because asking a court to deny
17  one's opponent's petition is also a form of petition . . . ." (citation omitted). *Freeman v.*
18  *Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

19      The activities alleged in the SAC, namely filing motions in state court and
20  litigating the case, constitute petitions and "conduct incidental to the prosecution of the
21  suit" is protected by the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437
22  F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute
23  communications to the court may be fairly described as petitions," including "[a]
24  complaint, an answer, a counterclaim and other assorted documents and pleadings, in
25  which plaintiffs or defendants make representations and present arguments to support
26  their request that the court do or not do something") (internal quotation marks,
27  alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180,
28  1184 (9th Cir. 2005).

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND**
**MOTION TO DISMISS AMENDED COMPLAINT**

Again, the answer to the second step of the *Noerr-Pennington* doctrine analysis is "yes".

### 3.   Step 3: §1983 Cannot Be Construed to Avoid Burdening Defendant's Protected Petitioning Activity.

The federal courts ask at step three whether the statute—here 42 U.S.C. § 1983—can be construed to avoid burdening Defendants' Petition Clause rights. See *Sosa*, 437 F.3d at 931; see also *id.* at 932 ("Where ... the burdened conduct could fairly fall within the scope of the Petition Clause and a plausible construction of the applicable statute is available that avoids the burden, we must give the statute the reading that does not impinge on the right of petition.").

At the third step, Plaintiff has not identified any aspect of section 1983 that proscribes the City and defense counsel's litigation conduct at issue here. *See, e.g.*, *Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington* doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities).

Thus, the *Noerr-Pennington* doctrine bars Plaintiff's section 1983 claims against the City and defense counsel unless a sham exception applies.

### 4.   The Sham Exception to the *Noerr-Pennington* Doctrine Does Not Apply.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the [party's] motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d

13

at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)). Here, Plaintiff does not adequately allege that her section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine.

"A **winning lawsuit is** by definition a reasonable effort at petitioning for redress and therefore **not a sham.**" *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) (emphasis added).

With respect to the first sham exception, Plaintiff has not sufficiently alleged that the City and defense counsel's defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" *because that judgment was entered in the City's favor* (and thus a "winning lawsuit") in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000).

The second sham exception does not apply because Plaintiff does not allege "a series of lawsuits." *See id.* Instead, Plaintiff only makes allegations relating to a single lawsuit (Orange County Superior Court Case No. 30-2019-01072057-CU-PO-CJC).

Finally, with respect to the third sham exception, Plaintiff has not adequately alleged any intentional misrepresentations that the City or defense counsel made to the court during the state court proceedings. *See Sosa*, 437 F.3d at 938.

For all the foregoing reasons, Plaintiff's section 1983 claim against Defendant Keith E. Rodenhuis is barred by the *Noerr-Pennington* doctrine.

## IV.    CONCLUSION.

As a matter of law, the Plaintiff's lawsuit is without merit and frivolous.  The Second Amended Complaint fails to articulate a basis for this Court to have jurisdiction. On its face, all Plaintiff's allegations relate to conduct protected under the *Noerr-Pennington* doctrine and the SAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies. Ms. Fan has failed to provide any other basis for federal jurisdiction.

Accordingly, Defendant City of Newport Beach respectfully requests that this

1  Motion to Dismiss be granted, with prejudice.

2

3       Dated: November 21, 2023                  Respectfully Submitted,

4                                                 **KER LEGAL GROUP**

5

6                                        By:_____

7                                                 KEITH E. RODENHUIS, ESQ.
                                                  Attorney for Defendant
8                                                 City of Newport Beach

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CITY OF NEWPORT BEACH'S NOTICE OF MOTION AND
MOTION TO DISMISS AMENDED COMPLAINT**