Rodger S. Greiner, Esq. (SB# 144123)
Email: Rodger@KERLegalGroup.com
Amber C. McCall, Esq. (SB# 317892)
Email: Amber@KERLegalGroup.com

KER LEGAL GROUP
2601 Main Street, Suite 560
Irvine, CA 92614
Ph: (949) 252-9937
Fx: (888) 292-4576

Attorney for Defendant,
Keith E. Rodenhuis

*Exempt From Filing Fees Pursuant To California Government Code §6103*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAXIAN FAN<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF NEWPORT BEACH; and KEITH E. RODENHUIS,<br><br>    Defendants. | Case No.: 8:22-CV-02178-FWS-(DFMx)<br><br>**DEFENDANT KEITH E. RODENHUIS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**DATE:** January 25, 2024<br>**TIME:** 10:00 a.m.<br>**JUDGE:** Hon. Fred W. Slaughter<br>**DEPT.:** 10D |

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on January 25, 2024 at 10:00 a.m. before the Honorable Fred W. Slaughter in Courtroom 10D of the United States Courthouse for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, Defendant KEITH E. RODENHUIS ("Defendant" or "Rodenhuis") will and

hereby does move the Court to dismiss the Second Amended Complaint ("SAC") for "Response Civil Minutes to Pursuant Fair Justice and Children's Safety, Continue for the Scheduled Court Trial on May 16, 2024" (Docket No. 31) pursuant to *Federal Rule of Civil Procedure*, Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Local Rule 7-3, on November 14, 2023, Rodenhuis' counsel sent Plaintiff, Yaxian Fan ("Plaintiff" or "Fan") a meet and confer letter identifying the defects of Plaintiff's lawsuit. On November 15, 2023, counsel for Rodenhuis also spoke with Fan to confer. Counsel explained that Plaintiff could not sue under the federal question jurisdiction as the *Noerr-Pennington* doctrine immunized the City's defense counsel from the allegations alleged in her SAC, but efforts to educate and persuade Ms. Fan to dismiss her SAC failed. The parties were unable to reach a resolution other than to the date for hearing of the motion. Decl. of Rodger S. Greiner, ¶ 2-5.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff fails to allege facts showing any question of federal law. Instead, Plaintiff is alleging a conspiracy between KER Legal Group and the entire state court system arising out of her general negligence case for personal injuries. Yet Plaintiff still fails to assert any articulable cause of action against Rodenhuis. Instead, the Defendants's conduct as alleged in the SAC is protected under the *Noerr-Pennington* doctrine.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Declaration of Rodger S. Greiner; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

//
//
//

**DEFENDANT KEITH E. RODENHUIS' NOTICE OF MOTION AND
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  DATED: November 21, 2023                    Respectfully submitted,
2                                              **KER LEGAL GROUP**
3
4                                              By: _____
5                                                  Rodger S. Greiner, Esq.
                                                   Attorney for Defendant,
6                                                  Keith E. Rodenhuis
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................7

II. FACTS AND PROCEDURAL BACKGROUND.................................................8

III. ARGUMENT AND MEMORANDUM OF LAW ................................................9

    A. The Complaint Should be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted per F.R.C.P., Rule 12(b)(6). ..........................................................................................9

        1. Step 1: Fan's Suit Burdens the City's Petitioning Rights. ..............................................................................................11

        2. Step 2: Defendant's Conduct is Protected Petitioning Activity..................................................................................................11

        3. Step 3: §1983 Cannot Be Construed to Avoid Burdening Defendant's Protected Petitioning Activity. ................................12

        4. The Sham Exception to the *Noerr-Pennington* Doctrine Does Not Apply..................................................................13

IV. CONCLUSION. ...................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................ 9

*B&G Foods N. Am., Inc. v. Embry*,
  29 F.4th 527, 532 n.1 (9th Cir. 2022) .......................................................... 10, 13

*Cook v. Brewer*,
  637 F.3d 1002, 1004 (9th Cir. 2011) .................................................................. 9

*Empress LLC v. City & Cnty. of S.F.*,
  419 F.3d 1052, 1056 (9th Cir. 2005) ................................................................ 10

*Freeman v. Lasky, Haas & Cohler*,
  410 F.3d 1180, 1184 (9th Cir. 2005) .......................................................... 11, 12

*Hamilton v. Brown*,
  630 F.3d 889, 892-93 (9th Cir. 2011) ................................................................. 9

*Ileto v. Glock Inc.*,
  349 F.3d 1191, 1200 (9th Cir. 2003) .................................................................. 9

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049, 1055 (9th Cir. 2008) .................................................................. 9

*Kearney v. Foley & Lardner, LLP*,
  590 F.3d 638, 645 (9th Cir. 2009) ............................................................. 10, 11

*Kottle v. NW. Kidney Ctrs.*,
  146 F.3d 1056, 1060 (9th Cir. 1998) ................................................................ 13

*Neitzke v. Williams*, 490 U.S.
  319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989) .................................... 9

*Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*,
  745 F.3d 343, 347 n.1 (9th Cir. 2014) .............................................................. 10

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923, 933 (9th Cir. 2006) ......................................................... 11, 12, 13

*Starr v. Baca*,
   652 F.3d 1202, 1216 (9th Cir. 2011) ................................................................... 9
*White v. Lee*,
   227 F.3d 1214, 1232 (9th Cir. 2000) ................................................................. 13
*Woods v. Carey*,
   525 F.3d 886, 889-90 (9th Cir. 2008) ................................................................. 9
*Zamani v. Carnes*,
   491 F.3d 990, 996 (9th Cir. 2007) ...................................................................... 9
*Williams v. Jones & Jones Mgmt. Grp.*,
   2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) ............................................ 12

**STATUTES**

28 U.S.C. § 1331 ............................................................................................................ 8
42 U.S.C. § 1983 .................................................................................................... passim

**DEFENDANT KEITH E. RODENHUIS' NOTICE OF MOTION AND
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## I.     INTRODUCTION

Plaintiff, YA XIAN FAN, ("Fan" or "Plaintiff") initially filed this suit against defendant City of Newport Beach for injuries she sustained **on May 15, 2018 – over four and a half years ago** - when she jumped off a lifeguard tower near 1600 W Balboa Blvd in Newport Beach, California. (See, Docket No. 1).

Plaintiff's original Complaint sued under diversity jurisdiction (See Docket No. 1). Thereafter, Plaintiff filed a First Amended Complaint ("FAC") which was dismissed by way of the City's granted Motion to Dismiss. Plaintiff's Premises Liability Claim was dismissed without leave to amend. Plaintiff's 42 U.S.C. §1983 Claim was dismissed with leave to amend.

In her Second Amended Complaint ("SAC"), Plaintiff adds Defendant KEITH E. RODENHUIS ("Defendant" or "Rodenhuis")[1] as a defendant in this action seeking to recover for unknown damages relating to attorney Rodenhuis' representation of defendant City of Newport Beach in California State Court. See, Orange County Superior Court ("OCSC") Case No. 30-2019-01072057-CU-PO-NJC. Plaintiff now "files 2nd amended complaint for response civil minutes to pursuant fair justice and children's safety, continue for the scheduled court trial on May 16, 2024."

While this is Plaintiff's third attempt to file a meritorious federal lawsuit against the City and now against defense counsel, Keith E. Rodenhuis, the defects of the Plaintiff's Second Amended Complaint, as addressed in the Court's Minute Order granting the City's Motion to Dismiss the FAC, remain in the SAC.

Plaintiff's 42 U.S.C. §1983 claim against Mr. Rodenhuis must be dismissed for the same reasons it was previously dismissed from the FAC. The City's defense counsel's conduct is immune under the *Noerr-Pennington* doctrine. Plaintiff failed to correct *any* of the fatal defects in her FAC and therefore, the case should be dismissed with prejudice. No further amendment will cure these defects.

---

[1] Defendants City of Newport Beach and Keith E. Rodenhuis collectively referred to herein as "Defendants".

## II. FACTS AND PROCEDURAL BACKGROUND

On May 15, 2018, Plaintiff, a 66-year-old California citizen and resident of Irvine, California, went to the beach with her family. Plaintiff walked the beach and decided to take a break to soak in the bayside views. Plaintiff saw an unmanned lifeguard tower and decided it was the perfect place to rest. She climbed to the top platform where she sat with her legs dangling for approximately ten (10) minutes before deciding to jump down.  As her feet hit the sand, the momentum caused her to fall forward into the sand thereby (allegedly) injuring her left arm and side.[2]

On May 24, 2019, Plaintiff filed a civil action in Orange County Superior Court ("OCSC") for the exact same claims and set of facts as the instant case. See, OCSC Case No. 30-2019-01072057-CU-PO-NJC.  Plaintiff's OCSC case was dismissed by way of a motion for summary judgment which the Court of Appeal, Fourth District affirmed. Plaintiff's petition for review was also denied by the California Supreme Court. Plaintiff's claim has already been fully adjudicated. Plaintiff is now suing in federal district court pursuant to 28 U.S.C. § 1331: Federal Question.

The SAC essentially alleges Defendants allowed the OCSC courtroom clerk to hold onto Plaintiff's documents, recovered costs against Plaintiff as the prevailing party in that suit, and filed and later withdrew a sanctions motion against Plaintiff. Specifically, Plaintiff asserts numerous allegations[3] against the City – all of which, if accepted as true,

---

[2] These facts were undisputed in the motion for summary judgment filed in the Orange County Superior Court by Defendant City of Newport Beach.  The City's motion was granted, and the Plaintiff's appeal denied.  See, OCSC Case No. 30-2019-01072057-CU-PO-NJC. While not germane to this motion, the City includes them to provide the Court with case background and context.

[3] See SAC, p. 2:13-15; SAC, p. 2:21-24; SAC, p. 2:26-3:2; SAC, p. 3:3-6; SAC, p. 3:13-16; SAC, p. 4:8-12; SAC, p. 8:20-25; SAC, p. 9:1-4; SAC, p. 10:3-9; SAC, p. 10:26-28; SAC, p. 11:5-6; SAC, p. 11:28-12:5; SAC, p. 12:22-23; SAC, p. 14:5-9; SAC, p. 15:26-16:2; SAC, p. 16:19-21; SAC, p. 17:2-3; SAC, p. 17:17-22; SAC, p. 17:25-26; SAC, p. 18:1; SAC, p. 18:15-19; SAC, p. 20:2-6.

are protected under the *Noerr-Pennington* doctrine.

Plaintiff presents this SAC in an attempt to delay paying costs owed the City related to the Superior Court lawsuit and for the improper purpose of harassing the City of Newport Beach and its counsel for diligently defending the California state claims against the City and being the prevailing party.

### III. ARGUMENT AND MEMORANDUM OF LAW

#### A. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PER F.R.C.P., RULE 12(b)(6).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

### B. PLAINTIFF'S 42 U.S.C. SECTION 1983 CLAIM FAILS.

To the extent Plaintiff alleges a 42 U.S.C. section 1983 claim against Defendant based on his litigation conduct, Plaintiff's allegations all relate to conduct protected under the *Noerr-Pennington* doctrine and the SAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies.

"The *Noerr–Pennington doctrine* . . . provides that litigation activity (including pre-litigation cease-and-desist letters) cannot form the basis of liability unless the litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability" and immunity thereunder "applies to claims under § 1983 that are based on the petitioning of public authorities"). The doctrine extends "to litigation activities by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see also Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 645 (9th Cir. 2009)) ("The agents of that litigation—employees and law firms and lawyers—may benefit from the immunity as well.").

To determine whether the *Noerr-Pennington* doctrine immunizes a party's conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute

protected petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644). If the answer to each step is "yes," then the City and defense counsel's conduct is immunized. *Ibid.*

As explained below, and as the Court has previously determined (see, Docket No. 28 – Court Minute Order re. Motion to Dismiss FAC), the answer to each step of the *Noerr-Pennington* doctrine analysis as to Plaintiff's claims is "yes" and the Defendant's conduct is therefore protected.

### 1. Step 1: Fan's Suit Burdens the City's Petitioning Rights.

Step one of the *Noerr-Pennington* doctrine analysis asks, "whether the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *Kearney*, 590 F.3d at 645. In conducting this inquiry, the court does not consider any alleged misconduct tied to the petitioning activities. *Id.* Rather, when the petitioning activity is incidental to the prosecution of a suit, the question is whether plaintiff's lawsuit "places a burden on [defendant's] ability" to prosecute its suit. *Id.*

At the first step, the SAC challenges defensive petitioning activity by the City and defense counsel such that "the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *See Kearney*, 590 F.3d at 645. In the present case, the Defendants' lobbying was directed at two distinct ends—opposing Plaintiff's case against the City of Newport Beach and stopping the harassing filing of documents against the City once the Court granted the City's Motion for Summary Judgment and Plaintiff's case was effectively over.

Accordingly, the answer to the first step of the *Noerr-Pennington* doctrine analysis is "yes".

### 2. Step 2: Defendant's Conduct is Protected Petitioning Activity.

The federal courts have determined that protected petitioning activity extends to litigation activities by government actors and their attorneys by holding that conduct related to an eminent domain suit, which allegedly violated § 1983, was protected

petitioning. *Kearney*, 590 F.3d at 644–45. "*Noerr–Pennington* immunity, and the sham exception, also apply to defensive pleadings . . . because asking a court to deny one's opponent's petition is also a form of petition . . . ." (citation omitted). *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

The activities alleged in the SAC, namely filing motions in state court and litigating the case, constitute petitions and "conduct incidental to the prosecution of the suit" is protected by the *Noerr-Pennington* doctrine. See *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute communications to the court may be fairly described as petitions," including "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something") (internal quotation marks, alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

Again, the answer to the second step of the *Noerr-Pennington* doctrine analysis is "yes".

### 3. Step 3: §1983 Cannot Be Construed to Avoid Burdening Defendant's Protected Petitioning Activity.

The federal courts ask at step three whether the statute—here 42 U.S.C. § 1983—can be construed to avoid burdening Defendants' Petition Clause rights. See *Sosa*, 437 F.3d at 931; see also *id.* at 932 ("Where ... the burdened conduct could fairly fall within the scope of the Petition Clause and a plausible construction of the applicable statute is available that avoids the burden, we must give the statute the reading that does not impinge on the right of petition.").

At the third step, Plaintiff has not identified any aspect of section 1983 that proscribes the City and defense counsel's litigation conduct at issue here. *See, e.g.*, *Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington*

doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities).

Thus, the *Noerr-Pennington* doctrine bars Plaintiff's section 1983 claims against the City and defense counsel unless a sham exception applies.

### 4. The Sham Exception to the *Noerr-Pennington* Doctrine Does Not Apply.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the [party's] motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)). Here, Plaintiff does not adequately allege that her section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine.

"A **winning lawsuit is** by definition a reasonable effort at petitioning for redress and therefore **not a sham.**" *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) (emphasis added).

With respect to the first sham exception, Plaintiff has not sufficiently alleged that the City and defense counsel's defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" ***because that judgment was entered in the City's favor*** (and thus a "winning lawsuit") in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000).

The second sham exception does not apply because Plaintiff does not allege "a series of lawsuits." *See id.* Instead, Plaintiff only makes allegations relating to a single lawsuit (Orange County Superior Court Case No. 30-2019-01072057-CU-PO-CJC).

Finally, with respect to the third sham exception, Plaintiff has not adequately alleged any intentional misrepresentations that the City or defense counsel made to the court during the state court proceedings. *See Sosa*, 437 F.3d at 938.

For all the foregoing reasons, Plaintiff's section 1983 claim against Defendant Keith E. Rodenhuis is barred by the *Noerr-Pennington* doctrine.

## IV.   CONCLUSION.

As a matter of law, the Plaintiff's lawsuit is without merit and frivolous. The Second Amended Complaint fails to articulate a basis for this Court to have jurisdiction. On its face, all Plaintiff's allegations relate to conduct protected under the *Noerr-Pennington* doctrine and the SAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies. Ms. Fan has failed to provide any other basis for federal jurisdiction.

Accordingly, Defendant Keith E. Rodenhuis respectfully requests that this Motion to Dismiss be granted, with prejudice.

DATED: November 21, 2023

Respectfully submitted,

**KER LEGAL GROUP**

By: _____
Rodger S. Greiner, Esq.
Attorney for Defendant,
Keith E. Rodenhuis

**DEFENDANT KEITH E. RODENHUIS' NOTICE OF MOTION AND
MOTION TO DISMISS SECOND AMENDED COMPLAINT**