1  Rodger S. Greiner, Esq. (SB# 144123)
   Email: Rodger@KERLegalGroup.com
2  Amber C. McCall (SB# 317892)
   Email: Amber@KERLegalGroup.com
3
4
5  KER LEGAL GROUP
   2601 Main Street, Suite 560
6  Irvine, CA 92614
7  Ph: (949) 252-9937
   Fx: (888) 292-4576
8
9  Attorney for Defendant,
10 Keith E. Rodenhuis

11              **UNITED STATES DISTRICT COURT**
12            **CENTRAL DISTRICT OF CALIFORNIA**
13 YAXIAN FAN

14          Plaintiff,                    Case No.: 8:22-CV-02178-FWS-(DFMx)

15       vs.                              **DECLARATION OF RODGER S.**
16                                        **GREINER IN SUPPORT OF**
17 CITY OF NEWPORT BEACH; and             **DEFENDANT KEITH E. RODENHUIS'**
   KEITH E. RODENHUIS,                    **MOTION TO DISMISS PLAINTIFF'S**
18                                        **SECOND AMENDED COMPLAINT**
19          Defendants.
                                          **DATE:**    January 25, 2024
20                                        **TIME:**    10:00 a.m.
21                                        **JUDGE:**   Hon. Fred W. Slaughter
                                          **DEPT.:**   10D
22
23          **DECLARATION OF RODGER S. GREINER**
24
25
26     I, RODGER S. GREINER, declare as follows:
27     1.    I am an attorney at law duly licensed to practice before all of the courts of
28 the State of California. I am the attorney of record for Defendant KEITH E.

RODENHUIS in the above-captioned action.  I am one of the attorneys responsible for working on this case.  I am competent to testify and if called as a witness, I could and would competently testify to the following from my own personal knowledge.

2.    On November 14, 2023, my office sent Ms. Fan a meet and confer letter on behalf of Defendant Keith E. Rodenhuis identifying the defects of Plaintiff's lawsuit. Attached hereto as EXHIBIT "1" is a true and correct copy of that meet and confer letter.

3.    Ms. Fan sent a responsive email indicating she was not willing to dismiss the lawsuit. Attached hereto as EXHIBIT "2" is a true and correct copy of the email exchange.

4.    On November 15, 2023, my office also spoke with Plaintiff, Yaxian Fan ("Plaintiff") to confer. We explained that Plaintiff has failed to allege facts showing any question of federal law, but efforts to educate and persuade Ms. Fan to dismiss her SAC failed. My office also offered to meet with Plaintiff in person per Local Rule 7-3, but Plaintiff refused.

5.    The parties were unable to reach a resolution other than to the date for hearing of the motion.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of November 2023.

By: _____
Rodger S. Greiner, Esq.
Attorney for Defendant,
Keith E. Rodenhuis

2

**DECLARATION OF RODGER S. GREINER IN SUPPORT OF
DEFENDANT KEITH E. RODENHUIS' MOTION TO DISMISS**

Fan v. City of Newport Beach
Attachment to Decl. of Rodger S. Greiner
 ISO Keith E. Rodenhuis' Motion to Dismiss

Exhibit 1
Meet and Confer Letter to Plaintiff
dated November 14, 2023



**KER Legal Group**

2601 MAIN ST. • SUITE 560 • IRVINE • CA 92614

November 14, 2023

**SENT VIA U.S. MAIL and EMAIL <fay731@yahoo.com>**
Yaxian Fan
248 Overbrook
Irvine, CA 92620

Re:  Fan v. City of Newport Beach
      Request to Dismiss Federal Lawsuit, Case No. 8:22-cv-02178-FWS-(DFMx)

Dear Ms. Fan,

We have received your Second Amended Complaint ("SAC") which added City of Newport Beach's counsel, Mr. Keith Rodenhuis, as a Defendant in your case filed in federal court and would like to discuss this matter further with you. Specifically, the federal complaint must be dismissed as a matter of law.

If the lawsuit is not dismissed against Mr. Rodenhuis, we will be forced to file a terminating motion pursuant to *Federal Rules of Civil Procedure*, Rule 12(b). This meet and confer letter will be an exhibit to our prospective motion.

Federal courts have "jurisdiction," meaning the legal authority, to hear only certain types of cases. As is the case in all federal trial courts, a federal district court is generally authorized only to hear cases that fall into the following four categories:

1. Those that deal with a question involving the United States Constitution;

2. Those that involve questions of federal law (as opposed to state law, unless there is a state law claim related to a federal claim being made, in which case the court may agree to consider it);

3. Those that involve the United States as a party, whether as a plaintiff or defendant;

4. Those that involve a dispute among residents of different states with an amount in controversy exceeding $75,000.

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable

Re: Fan v. City of Newport Beach
Page 2 of 8

inference that the defendant is liable for the misconduct alleged." *Id.* The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. 1983 ALSO FAIL.

To the extent you allege a section 1983 claim against Mr. Rodenhuis based on his litigation conduct, your allegations all relate to conduct protected under the *Noerr-Pennington* doctrine and the SAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies.

Noerr-Pennington derives from petition clause of First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. U.S. Const. Amend. 1. "The *Noerr–Pennington doctrine* . . . provides that litigation activity (including pre-litigation cease-and-desist letters) cannot form the basis of liability unless the litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability" and immunity thereunder "applies to claims under § 1983 that are based on the petitioning of public authorities"). The doctrine extends "to litigation activities by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see also Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 645 (9th Cir. 2009)) ("The agents of that litigation—employees and law firms and lawyers—may benefit from the immunity as well.").

To determine whether the *Noerr-Pennington* doctrine immunizes a defendant's conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute protected petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644). If the answer to each step is "yes," then the City and defense counsel's conduct is immunized. *Ibid.*

The SAC essentially alleges the City and defense counsel allowed the courtroom clerk to hold onto your documents, recovered costs against you as the prevailing party in that suit, and filed and later withdrew a sanctions motion against you. Specifically, you assert the following allegations against the City – all of which are protected under the *Noerr-Pennington* doctrine:

> ➢ "Finally, he is the one, for second defendant absolutely he is: Mr. Keith E. Rodenhuis. He is the owner of KER Legal Group, representing the City since the lawsuit started. KER is the one, who must fully responsible to deprive Plaintiffs Citizen Civil Right." SAC, p. 2:13-15.

> ➢ "On October 17, 2023, KER emailed: '*I encourage you to stop making false statements to **drop the lawsuit pending before Judge Slaughter** or you may face additional financial consequences for **the (second) frivolous lawsuit you have filed against the City**.*'" SAC, p. 2:21-24 (emphasis in original).

Re: Fan v. City of Newport Beach
Page 3 of 8

➢ "On April 27, 2021, KER tort and threaten Plaintiff, he files frivolous paper if I do not withdraw the motion for vacate summary judgement, otherwise, '*he will file Sanction, for Plaintiff has been filing and serving frivolous papers.*' Because motivation for revenge, Sanction fully of accusations, outright lies, sham and shameful from beginning to ending." SAC, p. 2:26-3:2 (emphasis in original).

➢ "On June 17, 2021 Assigned Judge Salter denied the Sanction and legal fee for $5,525 From KER files frivolous papers to file frivolous lawsuit if I do not drop the lawsuit in two and half years, he just con not stops to tort to threatening, to deprive Plaintiffs Civil Right to pursuant fair trial even happened in processing in the Court of United States." SAC, p. 3:3-6.

➢ "On December 4, 2020, in next day after summary judgement courtcall hearing, KER filed notice of ruling: '*The Court, upon hearing the oral arguments, and after having **fully** considered the arguments of all parties, both written and oral, as well as the evidence presented, the court offered its ruling*' and attached with Deposition cost 3,750." SAC, p. 3:13-16 (emphasis in original).

➢ "On November 4, 2021, after four and half months late, we all shame on KER's conclusion: '*For the reasons set forth above, this appeal is untimely and the Court lacks jurisdiction. Moreover, Appellant's Opening Brief fails to articulate any pertinent or intelligible legal argument. As such, Respondent respectfully requests **the Court dismiss this appeal with prejudice as it is untimely.**' **Truly unlawful, tort and sham.**" SAC, p. 4:8-12 (emphasis in original).

➢ "Appellant Court's Opinion: '*In addition, Fan's allegation she opposed the summary judgement which are new evidence submitted after the ruling on the summary judgment, which we cannot consider in reviewing the ruling.*' See Opinion's page five. Also, from Appellate Court Opinion: '*The City filed a motion for summary judgement, the motion is not in the record. Nor is Fan's opposition to the summary judgement record motion, if any.*' See Appellant Court Opinion's page two." SAC, p. 8:20-25 (emphasis in original).

➢ "On December 4, 2020, KER files 'Notice of Ruling': '*having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, the court offered its ruling.*' 'How can in five minutes to have fully oral argument and the Judge George has not read my file due to Supervisor twice stopped to ROA docket." SAC, p. 9:1-4 (emphasis in original).

➢ "In the later year 2019, KER charged $9,500 his legal fee, and split 50/50, billed Plaintiff and the City make payments. He seems a business man in the middle, and collect monetary from both parties. Even I did not have any agreement in written or verbally with legal service, but he still against the law to truly conflict of interest. 'What was he representing for?' 'Is the city having knowledge that?' I asked the questions number of times, truly was so shocking with shameful." SAC, p. 10:3-9.

➢ "On April 13, 2023, KER email: '*the Appellate Court Judges thought your claim was entirely without merit*'" SAC, p. 10:14-15 (emphasis in original).

Re: Fan v. City of Newport Beach
Page 4 of 8

---

➤ "On October 17, 2023, KER emailed: *'the City is even receiving anonymous letters warning that you are trying to commit fraud. It is very sad that you have taken this approach and have chosen to abuse the court system.'* " SAC, p. 10:26-28 (emphasis in original).

➤ "On February 7, 2022, KER emailed anonymity letter, he continues use fake person have false accusations, harassment, insulting and defamation of Plaintiffs reputation and life." SAC, p. 11:5-6.

➤ "On March 2, 2023, Judge Salter's final ruling: *'The defendant claimed $3,776.24 in deposition cost, the burden of proof rests with the moving party to show the costs are not statutorily authorized or were unnecessary of not unreasonable under the facts.'* The Deposition cost was original attached with KER filed 'notice of ruling' on December 4, 2020, even that disallowable cost, to pursuant law CCCP. 1033.5(b)(2), but KER still against law and ignored Judge's Court judgement again." SAC, p. 11:28-12:5 (emphasis in original).

➤ "April 13, 2023. KER emailed '*The appellate court judges thought your claim was entirely without merit*'" SAC, p. 12:22-23 (emphasis in original).

➤ "Because KER impose influence to the Court legal professional, (Supervisor Stacy and Judge Geroge) both engage in violation in due process, even they have immunity, but they must obey and follow the court rules. As a good heart and trust worth Citizen, has duty, must stand up let head of Court and high court knowledge the truth." SAC, p. 14:5-9.

➤ "On September 21, 2020, Defendant filed the Summary Judgement. Attached declaration from Mike Halphide, he works for the city for 36 years, as fire department for lifeguard operation. He declared: '*Sand, by its very nature, becomes more tightly compacted after it has been wet or submerged by rising tides. Consequently, the sand on the by beaches and surrounding the Tower is denser and more tightly compacted.'*" SAC, p. 15:26-16:2 (emphasis in original).

➤ "On December 4, 2020, KER filed Notice of Ruling: '*The Court, upon hearing the oral arguments, and after having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, the Court offered its ruling*'" SAC, p. 16:19-21 (emphasis in original).

➤ "On January 8, 2021, KER files propose order for granted summary judgement to Judge Slater, of course, Judge Salter did not sign. On January 20, 2021, KER files propose order for granted summary judgement to Judge George, he lied she is in the courtroom C22, but she is in courtroom C24." SAC, p. 17:2-3.

➤ "On May 24, 2021, KER filed Motion for Sanction in second time, because it is a wrongful motivation for the revenge, so accusations, outright lies in beginning to ending. On June 17, 2021, Judge Salter post judgement: '*Given one of the arguments is that Fan was not afforded the opportunity to engage in oral argument on the summary judgement motion, the court concludes must allow the motion to proceed as timely filed*' Additionally, '*for her remedy, it is time to file a notice of appeal.*'" SAC, p. 17:17-22 (emphasis in original).

Re: Fan v. City of Newport Beach
Page 5 of 8

---

➢ "On November 4, 2021, after four-month from Judgment of June 17, 2021 , KER filed dismiss appeal, conclusion: '*dismiss the appeal with prejudice as it is untimely.*'" SAC, p. 17:25-26 (emphasis in original).

➢ "On February 7, 2022, KER email an anonymity letter insulting Plaintiff consistently." SAC, p. 18:1.

➢ "On September 6, 2022, I filed Petition of Rehearing, additional for three citations, Corrected the untimely is not exist, 'how the KER deceived on judgement from timely to untimely between two courts.' hope if Appellant court can reverse the decision made But, no responding from the City for the 'Petition for rehearing,' after fifteen days, Appellant Court dismissed the appeal and suggest I should file to Supreme Court." SAC, p. 18:15-19.

➢ "Granted summary judgement was baseless, due to KER evil motive, unbearable and un-human to deprive Plaintiffs civil right to fair trial. KER impose influence the Superior Court Supervisor Stacy who twice hold on Plaintiffs opposition summary judgement documents that to stopped to scan into ROA docket. And Judge George, only once for the case, granted summary judgement in five minutes verbally." SAC, p. 20:2-6.

As explained below, and as the Court has previously determined (see, Exhibit A – Court Minute Order), the answer to each step of the *Noerr-Pennington* doctrine analysis as to the forgoing allegations is "yes" and the Defendants' conduct is therefore protected.

**STEP 1: FAN'S SUIT BURDENS DEFENDANTS' PETITIONING RIGHTS.**

Step one asks "whether the success of [your] lawsuit would constitute a burden on petitioning rights." *Kearney*, 590 F.3d at 645. In conducting this inquiry, the Court does not consider any alleged misconduct tied to the petitioning activities. *Id.* Rather, when the petitioning activity is incidental to the prosecution of a suit, the question is whether plaintiff's lawsuit "places a burden on [defendant's] ability" to prosecute its suit. *Id.*

At the first step of the *Noerr-Pennington* analysis, the SAC challenges defensive petitioning activity by the City and defense counsel such that "the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *See Kearney*, 590 F.3d at 645. In the present case, Defendants' lobbying was directed at two distinct ends—opposing Plaintiff's case against the City of Newport Beach and stopping the harassing filing of documents against the City once the Court granted the City's Motion for Summary Judgment and your case was effectively over.

Accordingly, the answer to the first step in the *Noerr-Pennington* doctrine analysis is "yes".

**STEP 2: DEFENDANTS' CONDUCT IS PROTECTED PETITIONING ACTIVITY.**

The federal courts have determined that protected petitioning activity extends to litigation activities by government actors **and their attorneys** by holding that conduct related to an eminent domain suit, which allegedly violated § 1983, was protected petitioning. *Kearney*, 590 F.3d at 644– 45 (emphasis added).  "*Noerr–Pennington* immunity, and the sham exception, also apply to defensive pleadings . . .

because asking a court to deny one's opponent's petition is also a form of petition . . . ." (citation omitted). *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005)

The activities alleged in your SAC, namely filing motions in state court and litigating the case, constitute petitions and "conduct incidental to the prosecution of the suit" protected by the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute communications to the court may be fairly described as petitions," including "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something") (internal quotation marks, alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005)

Again, the answer to the second step in the *Noerr-Pennington* doctrine analysis is "yes".

### STEP 3: §1983 CANNOT BE CONSTRUED TO AVOID BURDENING DEFENDANTS' PROTECTED PETITIONING ACTIVITY.

The federal courts ask at step three whether the statute—here 42 U.S.C. § 1983—can be construed to avoid burdening Defendants' Petition Clause rights. See *Sosa*, 437 F.3d at 931; see also *id.* at 932 ("Where ... the burdened conduct could fairly fall within the scope of the Petition Clause and a plausible construction of the applicable statute is available that avoids the burden, we must give the statute the reading that does not impinge on the right of petition.").

At the third step, you have not identified any aspect of section 1983 that proscribes the City and defense counsel's litigation conduct at issue here. *See, e.g., Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington* doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities).

Thus, the *Noerr-Pennington* doctrine bars your section 1983 claims against the City and defense counsel unless a sham exception applies.

### THE SHAM EXCEPTION TO THE *NOERR-PENNINGTON* DOCTRINE DOES NOT APPLY.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the [party's] motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)). Here, you do not adequately allege that your section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine.

"A **winning lawsuit is** by definition a reasonable effort at petitioning for redress and therefore **not a sham**." *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) (emphasis added).

Re: Fan v. City of Newport Beach
Page 7 of 8

With respect to the first sham exception, you have not sufficiently alleged that the City and defense counsel's defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" *because that judgment was entered in the City's favor* (and thus a "winning lawsuit") in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000).

The second sham exception does not apply because you do not allege "a series of lawsuits." *See id.* Instead, you only make allegations relating to a single lawsuit (Orange County Superior Court Case No. 30-2019-01072057-CU-PO-CJC) which was brought by you.

Finally, with respect to the third sham exception, you have not adequately alleged any intentional misrepresentations that the City or defense counsel made to the court during the state court proceedings. *See Sosa*, 437 F.3d at 938.

For all the foregoing reasons, your section 1983 claim against the City and defense counsel is barred by the *Noerr-Pennington* doctrine.

## IMPROPER SERVICE AND FRAUDULENT INFORMATION SUBMITTED UNDER PENALTY OF PERJURY.

Attached to your SAC is a proof of service executed by you. There are several issues with the proof of service including several intentional misrepresentations by you. It is alarming you submitted this proof of service to the Court under penalty of perjury. As you are aware, a court can hold individuals in contempt of Court for submitting false information under penalty of perjury.

First, you improperly represent under penalty of perjury that "you are not a party to the above entitled cause." This is obviously false as you are the Plaintiff in this matter. Next, you declare that you delivered the documents "by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid." Again, as you know, this is false. You failed to serve the SAC via mail and instead only improperly sent the documents via email.

Finally, the proof of service indicates that the documents were sent on or before October 31, 2023 (the date you executed the proof of service), yet the SAC was not sent via email until November 1, 2023.

For all these reasons, not only has there been insufficient service of process which makes your pleading vulnerable to a motion to quash pursuant to Federal Rule of Civil Procedure § 12(b)(5), but you also perjured yourself. As a courtesy, please be advised that persons convicted of perjury under federal law may face up to five years in prison.

------

Enclosed is a Notice of Dismissal; please execute the document and return the executed form to our office. As a courtesy, our office will file the Notice of Dismissal with the Court at no cost to you.

Please consider this correspondence our good faith attempt to meet and confer pursuant to *Local Rule 7-3*. Accordingly, we request that you sign and return the Notice of Dismissal enclosed herein or contact me.  Should we not hear from you, the City will proceed in the manner stated herein.

Re: Fan v. City of Newport Beach
Page 8 of 8

If you have any questions, please contact our office at 949-252-9937 or email me at Amber@KERLegalGroup.com.

Respectfully,

Amber C. McCall, Esq.

ACM
Enclosures: 1. Notice of Dismissal.

Fan v. City of Newport Beach, et al.
Attachment to Meet and Confer Letter
re. Defendants' Motion to Dismiss SAC

**Exhibit A**

Court Minute Order Granting City's
Motion to Dismiss First Amended Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-02178-FWS-DFM          Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [18]**

Before the court is Defendant City of Newport Beach's ("Defendant") Motion to Dismiss Complaint ("Motion" or "Mot."). (Dkt. 18). Plaintiff Yaxian Fan ("Plaintiff"), appearing *pro se*, opposes the Motion.[1] (Dkt. 22.) The court found this matter appropriate for resolution without oral argument and took the matter under submission on June 13, 2023. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Motion is **GRANTED.**

## I.     Summary of the First Amended Complaint's Allegations

Plaintiff brings this action following an unsuccessful personal injury suit against Defendant in Orange County Superior Court. (*See generally* Dkt. 1.) In the Complaint, Plaintiff asserted a negligence claim against Defendant arising from a slip and fall incident in

---

[1] On June 15, 2023, the day this matter was set for hearing, Plaintiff also filed a document titled "In Continue to Oppose Motion to Dismiss, to pursuant to FRCP 26 for Fair Procedure and Children's Safety." (Dkt. 25.) This document was filed after the deadline to file an opposition to the Motion, and thus the court does not consider it. *See* L. R. 7-9; 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-02178-FWS-DFM       Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

Marina Park, California. (*See generally id.*) On December 27, 2022, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. (Dkt. 8.) The court granted the motion to dismiss and dismissed the Complaint without prejudice for lack of subject matter jurisdiction on February 24, 2023. (Dkt. 15.)

Plaintiff filed a First Amended Complaint on March 24, 2023. (Dkt. 16 ("FAC").) In the First Amendment Complaint, Plaintiff alleges Defendant and Defendant Orange County Superior Court in the City of Santa Ana ("Orange County Superior Court"),[2] along with various court clerks, engaged in a conspiracy to violate Plaintiff's due process rights, including by allowing the courtroom clerk to "hold on [to] Plaintiff's documents and twice disallowed scan to Orange County Superior Court Register Online Access, ROA Docket." (Dkt. 16 ("FAC") ¶¶ 2, 4, 9.) As a result, the Orange County Superior Court judge who heard Plaintiff's state court action could not access her documents. (*Id.* at ¶ 5.) Plaintiff alleges that she filed three complaints with the presiding judge between 2021 and 2023, but the courtroom clerk refused to scan these documents into the docket in violation of Plaintiff's due process rights. (*Id.* ¶ 10.)

Plaintiff also alleges the presiding judge in the state court action did not ask Plaintiff to respond to her tentative ruling before granting summary judgment in favor of Defendant. (*Id.* ¶¶ 12-15.) Plaintiff asserts the judge's decision was "only based on the City's file and evidence proof she did not engage Oral Argument, and abusive of power in violation of Due Process Fourteenth Amendment." (*Id.* ¶ 15.) In addition, Plaintiff alleges that the "Appellate Court of Fourth Appellate District Division Three" violated her due process rights by dismissing her appeal as untimely and adopting defense counsel's position. (*Id.* ¶¶ 16-18.)

---

[2] In the FAC's caption, Plaintiff identifies "Orange County Superior Court in the City of Santa Ana" as the second defendant. (*See* FAC at 1.) Plaintiff later alleges Courtroom Operation Supervisor Stacy D. Secours participated in the alleged due process violations. (*See, e.g.*, *id.* ¶¶ 2, 4, 6, 9, 19.) Although Plaintiff does not identify Ms. Secours as a defendant, the court includes Plaintiff's allegations against Ms. Secours and other unnamed courtroom clerks below. (*See generally* Dkt.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

_____

Based on these allegations, Plaintiff requests the following relief: (1) that the court dismiss or invalidate the grant of summary judgment; (2) a "demand for Protection of human rights, Citizen Civil Right, Due Process Right to make sure Court proceedings if fair, that proper laws were applied correctly, Pursuant to Due Process Clause of Fourteenth Amendment"; and (3) compensatory damages, including general and special damages according to proof. (*Id.* ¶¶ 11, 15, 29-31, 32.)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

___

give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

## III.   Discussion

### A.   Motion to Dismiss

In the Motion, Defendant argues the FAC should be dismissed because: (1) Plaintiff has not alleged sufficient facts to state a Fourteenth Amendment claim against Defendant; and (2) the FAC fails to establish the court's subject matter jurisdiction.  (Mot. at 5-6.)  In particular, Defendant argues that the FAC's allegations indicate that Plaintiff was afforded adequate procedural and substantive due process when litigating the state court action.  (*Id.* at 5.)  In the Opposition, Plaintiff maintains the FAC states a procedural due process claim against Defendant by virtue of Plaintiff's counsel's litigation conduct.  (*See* Opp. at 1-11.)

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983, which provides a remedy for the deprivation of federal constitutional and statutory rights by a person acting under the color of state law.  *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980).  "To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States[] and must show that the alleged deprivation was committed by a person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The plaintiff also must "demonstrate that the defendant's conduct was the actionable cause of the claimed injury."  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  "Such causation 'can be established' either 'by some kind of direct personal participation in the deprivation' or 'by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (quoting *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994)).

In this case, Plaintiff alleges her Fourteenth Amendment due process rights were violated by Defendant, the Orange County Superior Court, its employees, defense counsel, and the California Court of Appeals, Fourth Division because: (1) she did not received a stamped cover page as promised by a clerk in Orange County Superior court in connection with her summary judgment filing; (2) the presiding judge issued her order granting summary judgment in favor of Defendant without oral argument; (3) Defendant's counsel recovered costs against Plaintiff as

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM               Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*
═══════════════════════════════════════════════════════════════════

the prevailing party in that suit; (4) Defendant's counsel filed and later withdrew a sanctions motion against Plaintiff, which Plaintiff contends demonstrates the motion was filed in bad faith; (5) the California Court of Appeals dismissed the appeal as untimely; and (6) Defendant still has not added appropriate warning signs to the hazard that caused Plaintiff's original injury. (FAC ¶¶ 4-28.)

The Due Process Clause of Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const., amend. XIV. "A procedural due process claim under the Fourteenth Amendment has three elements: '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.'"  *Herrera v. Alliance One Receivable Mgmt., Inc.*, 170 F. Supp. 3d 1282, 1288 (S.D. Cal. 2016) (citing *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1994)).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldrige*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

The court finds the FAC's allegations fail to state a due process claim under 42 U.S.C. § 1983 for four reasons.  First, Plaintiff has not adequately alleged a municipal policy caused Plaintiff's injury so as to establish Defendant's liability under section 1983.  Local governments and municipalities can only be held liable pursuant to section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978)).  Thus, to establish a claim for municipal liability, the plaintiff must allege that: "(1) [the plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation."  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  In this case, Plaintiff has not sufficiently alleged a policy attributable to Defendant or that such policy was the moving force behind the alleged constitutional violation.  (*See generally* FAC.) Accordingly, the court concludes Plaintiff has failed to state a section 1983 claim against Defendant.  *See, e.g.*, *Tillman v. L.A. Cnty. Dist. Att'y's Off.*, 2023 WL 5505891, at *11-12

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

(C.D. Cal. July 31, 2023) (finding plaintiff failed to state a procedural due process claim against a municipal entity where plaintiff did not allege a policy or causation).

Second, Plaintiff's due process claims against the Orange County Superior Court, its employees acting in their official capacity, and the California Court of Appeals are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). The Eleventh Amendment also bars claims for monetary damages against state officials acting in their official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benson v. Oberholtzer*, 2022 WL 2334037, at * (C.D. Cal. May 18, 2022) ("The Eleventh Amendment thus bars claims for monetary relief against Defendants Superior Court judges in their official capacity.") (citations omitted).

In this case, the FAC seeks monetary damages from the Orange County Superior Court, a superior court judge, courtroom clerks, and the California Court of Appeals. (*See generally* FAC.) The Orange County Superior Court and the California Court of Appeals constitute arms of the state. *See, e.g.*, *Narula v. Orange Cnty. Superior Ct.*, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (affirming dismissal of claims against the Orange County Superior Court as barred by the Eleventh Amendment); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding claims against state courts under section 1983 are barred by the Eleventh Amendment); *Greenlaw v. Cnty. of Santa Clara*, 125 F. App'x 809, 810 (9th Cir. 2005) (same). Moreover, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (quoting *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). Therefore, Plaintiff's due process claims against the

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                     Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

Orange County Superior Court, its individual officers acting in their official capacity, and the California Court of Appeals are barred by the Eleventh Amendment.[3]

Third, to the extent Plaintiff asserts section 1983 claims against the Orange County Superior Court judge and court clerks in their individual capacities, these claims fail because the judge and court clerks are entitled to absolute judicial immunity. Absolute judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Absolute immunity 'is not reserved solely for judges[] but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (quoting *In re Castillo*, 297 F.3d at 947).

In this case, the court finds both the Orange County superior judge and courtroom clerks, including Ms. Secours, are entitled to absolute or quasi-judicial immunity because their conduct, as alleged in the FAC, was "an integral part of the judicial process." *See In re Castillo*, 297 F.3d at 947. Relevantly, Plaintiff alleges she did not receive a stamped cover page from a courtroom clerk in connection with her summary judgment filing, that the clerks did not file Plaintiff's documents, and that the presiding judge granted summary judgment in favor of Defendant without oral argument. (*See, e.g.*, FAC ¶¶ 6-10, 12-15.) The Orange County Superior Court judge is entitled to absolute judicial immunity with respect to the grant of summary judgment because this conduct constitutes "a function normally performed by a judge and the parties to the act were dealing with the judge in [her] judicial capacity." *Rote v. Comm.*

---

[3] Based on the record, including Plaintiff's requested request, the court finds no exception to Eleventh Amendment immunity applies here. *See Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of the United States*, 577 F. Supp. 3d 1106, 1125 (D. Or. 2021) ("Congress did not abrogate state sovereign immunity when it enacted §§ 1983 and 1985.") (citations omitted); *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023) ("[T]he Eleventh Amendment does not bar an action seeking prospective relief against a state official for a violation of federal law.") (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                      Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*
_____

*on Jud. Conduct & Disability of Jud. Conf. of the United States*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021) (citations omitted).

Similarly, the courtroom clerks are entitled to absolute quasi-judicial immunity based on their filing of court papers. *See, e.g.*, *Haile v. Sawyer*, 76 F. App'x 129, 130 (9th Cir. 2003) (affirming district court's dismissal of claims against the court clerk because the clerk was "entitled to absolute quasi-judicial immunity for actions that are 'an integral part of the judicial process,' and [plaintiff's] claims are based on the clerk's filing of court papers.") (quoting *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *Robben v. Cal. Supreme Ct.*, 2018 WL 4502486, at *2 (E.D. Cal. Sept. 20, 2018) (finding plaintiff's claims against court clerks for failing to file documents were barred by quasi-judicial immunity); *see also Gay v. Parsons*, 61 F.4th 1088, 1094 (9th Cir. 2023) (noting Ninth Circuit precedent provides "absolute immunity for administrative actions taken in the immediate leadup to the judicial action . . . on the theory that docket management is part of the judicial function"). Accordingly, the court concludes Plaintiff has also failed to state a claim against the Orange County Superior Court judge or the courtroom clerks in their individual capacities.

Fourth, to the extent Plaintiff alleges a section 1983 claim against Defendant and defense counsel based on their litigation conduct, the court finds: (1) Plaintiff has not named defense counsel as a defendant; (2) her allegations all relate to conduct protected under the *Noerr-Pennington* doctrine; and (3) the FAC does not plausibly allege facts suggesting the "sham" exception to that doctrine applies. "The *Noerr–Pennington doctrine* . . . provides that litigation activity (including pre-litigation cease-and-desist letters) cannot form the basis of liability unless the litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability" and immunity thereunder "applies to claims under § 1983 that are based on the petitioning of public authorities"). The doctrine extends "to litigation activities by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see also Kearney v. Foley & Lardner, LLP*,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

590 F.3d 638, 645 (9th Cir. 2009)) ("The agents of that litigation—employees and law firms and lawyers—may benefit from the immunity as well.").

To determine whether the *Noerr-Pennington* doctrine immunizes a defendant's conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute protected petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644).

As discussed above, the FAC alleges Defendant and defense counsel allowed the courtroom clerk to hold onto Plaintiff's documents, recovered costs against Plaintiff as the prevailing party in that suit, and filed and later withdrew a sanctions motion against Plaintiff. (*See, e.g.*, FAC ¶¶ 19-25.) At the first step of the *Noerr-Pennington* analysis, the court finds the FAC challenges defensive petitioning activity by Defendant and defense counsel such that "the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *See Kearney*, 590 F.3d at 645. At the second step, the court finds the alleged activities, namely filing motions in state court and litigating the case, constitute petitions and "conduct incidental to the prosecution of the suit" protected by the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute communications to the court may be fairly described as petitions," including "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something") (internal quotation marks, alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) ("*Noerr–Pennington* immunity, and the sham exception, also apply to defensive pleadings . . . because asking a court to deny one's opponent's petition is also a form of petition . . . .") (citation omitted). At the third step, the court finds Plaintiff has not identified any aspect of section 1983 that proscribes Defendant and defense counsel's litigation conduct at issue here. *See, e.g.*, *Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington* doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities). Thus, the court concludes the *Noerr-Pennington*

---

**CIVIL MINUTES – GENERAL**                                                    **10**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

doctrine bars Plaintiff's section 1983 claims against Defendant and defense counsel unless a sham exception applies.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)).

Here, Plaintiff does not adequately allege that her section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine. The second sham exception does not apply because Plaintiff does not allege "a series of lawsuits." *See id.* With respect to the first sham exception, Plaintiff has not sufficiently alleged that Defendant and defense counsel's defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" because Plaintiff concedes that judgment was entered in Defendant's favor in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) ("A winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham.") (quoting *Pro. Real Est. Invs. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 n.5 (1993)). Likewise, with respect to the third sham exception, Plaintiff has not adequately alleged any intentional misrepresentations that Defendant or defense counsel made to the court during the state court proceedings. *See Sosa*, 437 F.3d at 938. Accordingly, the court concludes Plaintiff's section 1983 claim against Defendant and defense counsel is barred by the *Noerr-Pennington* doctrine.

Finally, Plaintiff briefly mentions a premises liability claim against Defendant based on the slip and fall incident. (FAC ¶ 28.) The FAC indicates the slip and fall incident occurred "five years ago." (*Id.* ¶ 26.) The FAC also does not allege any facts suggesting that equitable tolling or any other tolling doctrine applies. *See generally Lukovsky v. City & Cnty. of S.F.*, 535

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM          Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

F.3d 1044, 1051-52 (9th Cir. 2008); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101-03 (2008). Therefore, the court concludes the premises liability claim is barred by the two-year statute of limitations applicable to causes of action for personal injury under California law. *See* Cal. Civ. Proc. § 335.1.

In sum, because the court finds the FAC has failed to state a claim for relief against any defendant, the court **GRANTS** the Motion and **DISMISSES** the FAC.

### B. Leave to Amend

The court next considers whether the FAC should be dismissed with leave to amend. "When justice requires, a district court should 'freely give leave' to amend a complaint." *Ctr. for Bio. Diversity v. United States Forest Serv.*, --- F.4th ---, 2023 WL 5660071, at *9 (9th Cir. Sept. 1, 2023) (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016)). "Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Likewise, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Nonetheless, a district court may deny leave to amend due to "'countervailing considerations' such as 'undue delay, prejudice, bad faith, or futility.'" *Ctr. for Bio. Diversity*, --- F.4th ---, 2023 WL 5660071, at *1 (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)). "Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'" *Id.* (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Additionally, a "district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM        Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

The court has granted Plaintiff leave to amend her Complaint once before. (*See* Dkt. 15.) At this juncture, the court finds that granting Plaintiff leave to amend her section 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals would be futile based on Eleventh Amendment and absolute judicial immunity. *See, e.g.*, *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (affirming district court's dismissal of claims against individual state officers without leave to amend because claims were futile based on Eleventh Amendment immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming district court's denial of leave to amend where plaintiff's allegations were insufficient to overcome judicial immunity); *Narula*, 2022 WL 17500721, at *1 (affirming dismissal of claims against the Orange County Superior Court with prejudice where claims were barred by the Eleventh Amendment). The court also finds granting Plaintiff leave to amend her premises liability claim would be futile because it is time-barred. *See, e.g.*, *Anderson v. Anthem Blue Cross*, 776 F. App'x 465, 465 (9th Cir. 2019) (affirming dismissal of claims barred by the statute of limitations without leave to amend).

However, the court finds that the deficiencies in Plaintiff's section 1983 claim against Defendant and defense counsel could possibly be cured by amendment and therefore **GRANTS** Plaintiff leave to amend those claims only. *See B&G Foods N. Am.*, 29 F.4th at 541-42.

Accordingly, the court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**. The court also **DISMISSES** Plaintiff's premises liability claim against Defendant **WITHOUT LEAVE TO AMEND**. The court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against Defendant and defense counsel **WITH LEAVE TO AMEND**. If Plaintiff wishes to file an amended complaint, Plaintiff must file a second amended complaint that complies with this Order no later than **October 31, 2023.**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02178-FWS-DFM                    Date: September 29, 2023
Title: Yaxian Fan v. City of Newport Beach *et al.*

## IV.    Disposition

For the reasons states above, the court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**.  The court also **DISMISSES** Plaintiff's premises liability claim against Defendant **WITHOUT LEAVE TO AMEND**.  The court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims against Defendant and defense counsel **WITH LEAVE TO AMEND**.  Any amended complaint, consistent with this Order, shall be filed by Plaintiff no later than **October 31, 2023.**


**IT IS SO ORDERED.**


Initials of Deputy Clerk:  mku

Yaxian Fan
248 Overbrook
Irvine CA 92620
310-486-5282
Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAXIAN FAN | CASE NUMBER |
| | 8:22-CV-02178-FWS-(DFMx) |
| Plaintiff(s), | |
| v. | |
| CITY OF NEWPORT BEACH | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☑ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).


_____                    _____
*Date*                                                          *Signature of Attorney/Party*


*NOTE:  **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*  **F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

Fan v. City of Newport Beach
Attachment to Decl. of Rodger S. Greiner
 ISO Keith E. Rodenhuis' Motion to Dismiss

Exhibit 2
Email Correspondence Between Plaintiff and Defendant's Counsel
re. Meet and Confer

**Amber McCall**

| | |
|---|---|
| **From:** | fan Fay <fay731@yahoo.com> |
| **Sent:** | Wednesday, November 15, 2023 11:38 AM |
| **To:** | Keith E. Rodenhuis, Esq.; Amber McCall; Amanda Ellis; fanvcnb@projects.filevine.com; Rodger Greiner |
| **Subject:** | Fw: Fan v. CNB | Letters re. SAC |
| **Attachments:** | image001.png; image002.png; image003.png; image004.png; image005.png; image006.png; image007.png; image008.png; image009.png; 2022_11_14 Fan_Meet and Confer Letter re. SAC (KER) (final).pdf; 2022_11_14 Fan_Meet and Confer Letter re. SAC (City) (final).pdf |

Good morning all,

Sorry Amber, I missed your call, but you're welcome call me back later.

I am so shameful for your office to claimed as prevailing Party, that same as playing basketball, let referee to kicked me out twice the competitions had no reasons in behind, only KER was playing all the way, and sham exception to claimed deposition cost that is disallowable cost according CCCP 1033.5.

It is why granted Summary Judgement was basis less, due to no oppositions. It's why KER cannot response seventeen questions due to his conducted evil motive scandals against constitution for: "that no person shall be deprived of life, liberty, or property without fair procedures in due proses of law."

About the proof of service, which I learned from KER to let Superior Court Supervisor Stacy to hold my document twice to opposition summary judgement. If I did not wrote a note to your office, about sent stamp in next day, may can avoid such deprivations for my civil right, for fair justice and children's safety.

Consequently, I must to make sure SAC go on docket first, and email to your office after that. It was why one day late, after I checked the SAC show on docket in November, 1, 2023, I sent to your office total five emails.

Obsoletely, I refuse to sign the form down below.

Sincerely,

Fay

From: Amanda Ellis <Amanda@kerlegalgroup.com>
Date: November 14, 2023 at 16:22:17 GMT-8
To: fan Fay <fay731@yahoo.com>
Cc: fanvcnb@projects.filevine.com, "Keith E. Rodenhuis, Esq." <keith@kerlegalgroup.com>, Amber McCall
<Amber@kerlegalgroup.com>
Subject: Fan v. CNB | Letters re. SAC


Hello Ms. Fan,

Please find the attached meet and confer letters on behalf of the City of Newport Beach and Keith E. Rodenhuis. A hard
copy of these letters will also be sent via USPS.

Please let me know if you have any questions.

Respectfully,

Amanda


**Amanda Ellis**
Executive Director


2601 Main Street, Suite 560, Irvine, CA 92614


949-252-9937


888-292-4576
www.kerlegalgroup.com