Rodger S. Greiner, Esq. (SB# 144123)
Email: Rodger@KERLegalGroup.com
Amber C. McCall, Esq. (SB# 317892)
Email: Amber@KERLegalGroup.com

KER LEGAL GROUP
2601 Main Street, Suite 560
Irvine, CA 92614
Ph: (949) 252-9937
Fx: (888) 292-4576

Attorney for Defendant,
Keith E. Rodenhuis

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAXIAN FAN<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF NEWPORT BEACH; and<br>KEITH E. RODENHUIS,<br><br>          Defendants. | Case No.: 8:22-CV-02178-FWS-(DFMx)<br><br>**DEFENDANT KEITH E. RODENHUIS' REQUEST FOR JUDICIAL NOTICE**<br><br>**FINAL PRETRIAL CONF.:** May 16, 2024<br>**TRIAL DATE:**    May 28, 2024<br>**TIME:**        8:30 a.m.<br>**JUDGE:**      Hon. Fred W. Slaughter<br>**DEPT.:**       10D |

Pursuant to *Fed. R. Evid.* 201(b), Defendant KEITH E. RODENHUIS ("Defendant") hereby submits this Request for Judicial Notice of the following trial exhibits.

A court may take judicial notice of a fact which is not subject to reasonable dispute and which is capable of an accurate and ready determination. *Fed. R. Evid.* 201(b). If a party requests that a court take judicial notice and supplies the court with the necessary information, the court must take judicial notice. *Id.*

**DEFENDANT KEITH E. RODENHUIS' REQUEST FOR JUDICIAL NOTICE**

Accordingly, Defendant requests the Court take judicial notice of the following trial exhibits:

1. Attached as **EXHIBIT A** hereto, is a true and correct copy of Defendant's Trial Exhibit 20: Notice of Ruling on Defendant City of Newport Beach's Motion for Summary Judgment - *Fan v. City of Newport Beach,* Orange County Superior Court ("OCSC") Case No. 30-2019-01072057; Dated 12/4/20 (the "Notice of Ruling").

2. Attached as **EXHIBIT B** hereto, is a true and correct copy of Defendant's Trial Exhibit 21: Judgment – *Fan v. City of Newport Beach*, OCSC Case No. 30-2019-01072057-CU-PO-CJC; Dated 3/3/21 (the "OCSC Judgment").

3. Attached as **EXHIBIT C** hereto, is a true and correct copy of Defendant's Trial Exhibit 22: Opinion Dismissing Appeal – Case No. G060429; Dated 8/23/22 (the "Opinion Dismissing Appeal").

4. Attached as **EXHIBIT D** hereto, is a true and correct copy of Defendant's Trial Exhibit 23: Denial of Petition for Review by California Supreme Court – Case No. S276715; Dated 11/9/22 (the "Denial of Petition for Review by California Supreme Court").

The contents of the (1) Notice of Ruling, (2) OCSC Judgment, (3) Opinion Dismissing Appeal, and (4) Denial of Petition for Review by California Supreme Court are not subject to reasonable dispute and are capable of accurate and ready determination. Accordingly, Judicial Notice is proper to the aforementioned documents.

Executed this 25th day of April 2024

By:_____

Rodger S. Greiner, Esq.
Attorney for Defendant,
Keith E. Rodenhuis

2

**DEFENDANT KEITH E. RODENHUIS' REQUEST FOR JUDICIAL NOTICE**

Fan v. City of Newport Beach
Request for Judicial Notice

Exhibit A
Notice of Ruling
dated December 4, 2020

Fan v. City of Newport Beach
Ex. A

Electronically Filed by Superior Court of California, County of Orange, 12/04/2020 11:49:00 AM.
30-2019-01072057-CU-PO-CJC - ROA # 152 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.

Case 8:22-cv-02052-JLS-ADS Document 53-1 Filed 04/25/24 Page 4 of 21 Page ID #:611

**KER LEGAL GROUP**
**Keith E. Rodenhuis, Esq. (SBN 254465)**
**Amber C. McCall, Esq. (SBN 317892)**
2601 Main Street, Suite 560
Irvine, CA 92614
Ph: (949) 252-9937
Fx: (888) 292-4576

Attorney for Defendant,
City of Newport Beach

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| YAXIAN FAN<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF NEWPORT BEACH<br><br>        Defendant | Case No.: 30-2019-01072057-CU-PO-CJC<br><br>**NOTICE OF RULING ON DEFENDANT CITY OF NEWPORT BEACH'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Dept.:**        C22<br>**Judge:**        Hon. Glenn Salter<br>**Action Filed:** May 24, 2019<br>**MSJ:**          December 3, 2020 |

**NOTICE TO ALL PARTIES AND THEIR ATTORNEYS:**

This matter came on regularly for a Summary Judgment motion on December 3, 2020 in Dept. C-22 of this Court, located at 700 Civic Center Dr., Santa Ana, CA 92701.

Keith Rodenhuis of KER Legal Group on behalf of DEFENDANT CITY OF NEWPORT BEACH and PLAINTIFF YA XIAN FAN on behalf of herself appeared and presented oral argument.

The Court, upon hearing the oral arguments, and after having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, the Court offered its ruling.

Defendant City of Newport Beach's Motion for Summary Judgment was GRANTED. A copy of the Court's ruling is attached as Exhibit "A".

NOTICE OF RULING ON DEFENDANT CITY OF NEWPORT BEACH'S MOTION FOR SUMMARY JUDGMENT

1       The Court ordered Defendant to prepare a Notice of Ruling.

2

3   DATE:  December 4, 2020                              KER LEGAL GROUP

4

5

6                                                        KEITH E. RODENHUIS, ESQ.

7                                                        Attorney for Defendant,
                                                         CITY OF NEWPORT BEACH
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fan v. City of Newport Beach
30-2019-01072057-CU-BC-CJC
Notice of Ruling on City's
Motion for Summary Judgment

Exhibit A
Court's Ruling

**5.    Fan v. City of Newport Beach**
      **19-01072057**

Defendant City of Newport Beach's Motion for Summary Judgment is GRANTED.

Plaintiff was injured when she jumped from a lifeguard tower. She claims the "dangerous condition" was that the sand was not "loose" enough. (SSF 22). However, Defendant  cannot be held liable for condition of sand.

"Neither a public entity nor a public employee is liable for an injury caused by a natural condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach." (Gov. Code, § 831.2). The natural condition immunity has been broadly construed to provide immunity even when the natural condition has been affected by human activity or improvements. *Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 928-929. Unlike other immunities, the immunity provided by Section 831.2 is absolute and applies regardless of whether the public entity had knowledge of the dangerous condition or failed to give  warning. *Winterburn v. City of Pomona* (1986) 186 Cal.App.3d 878, 880-882.

Even if the City is not immune pursuant to Govt Code §831.2, Defendant has sustained its initial, substantive burden—and the burden thus shifted to Plaintiff to create a triable issue of material fact. *Aguilar v. Atlantic Richfield Co*. (2001) 25 C4th 826, 850; CCP 437c(p)(2). The party opposing summary judgment must produce admissible evidence raising a triable issue of fact. Claims and theories not supported by admissible evidence do not raise a triable issue. *Rochlis v. Walt Disney Co*. (1993) 19 CA4th 210, 219.

Defendant has established that not only is the beach safe when used with due care (no prior occurrences, SSF 49,50), but that Plaintiff herself failed to use due care which is the actual cause of the accident. (Ca Govt Code§830(a)). Plaintiff was in an off-limits area where there had been no prior injuries.  Defendant established that the injuries were not caused by an employee's negligence. Beaches are inspected daily for hazardous conditions and the offending sand was deemed safe by City employees. (SSF 39,44, 45).  Defendant also provided evidence that it had no actual or constructive notice of the allegedly dangerous condition. (SSF 39, 44, 46, 50). Lastly, Defendant acted reasonably under the circumstances. (Ca Govt Code§835.4). It is unreasonable for Defendant to be required to hire dozens of full-time lifeguards to warn adults of the dangers of intentionally jumping off elevated platforms and ignoring safety rules.

By failing to submit a timely opposition, Plaintiff has failed to sustain her burden to create a triable issue of material fact.

**Counsel for Defendant to give notice and prepare the judgment.**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, Malori Mavez, am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2601 Main Street #560, California 92614.

On December 4, 2020, I served the foregoing document described as:

**NOTICE OF RULING ON DEFENDANT CITY OF NEWPORT BEACH'S MOTION FOR SUMMARY JUDGMENT**

to be served on the interested parties in this action **[ X ]** by placing **[  ]** the original **[ X ]** a true copy thereof enclosed in sealed envelopes addressed as stated below:

Ms. Ya Xian Fan
6 Ivy Lane
Irvine, CA 92602

**[ X ] BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[  ] BY EMAIL** Based on a court order or an agreement of the parties to accept service by email or electronic transmission. I caused the document to be sent to the persons at the email addresses listed on the service list. I did not receive within a reasonable time after transmission, any electronic message or other indication that transmission was unsuccessful.

**[ X ] BY ELECTRONIC MEANS** the foregoing document was served on all parties or their counsel of record through the One Legal Electronic Filing system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 4, 2020.

_____
Malori Mavez

**PROOF OF SERVICE**

Fan v. City of Newport Beach
Request for Judicial Notice

Exhibit B
OCSC Judgment
dated March 3, 2021

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Fan vs. City of Newport Beach

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2019-01072057-CU-PO-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Judgment dated 03/03/21 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 3/4/21. Following standard court practice the mailing will occur at Santa Ana, California on 3/4/21.

YAXIAN FAN
6 IVY LANE
IRVINE, CA 92602

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Judgment dated 03/03/21, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on March 4, 2021, at 11:30:04 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

KER LEGAL GROUP
AMBER@KERLEGALGROUP.COM

KER LEGAL GROUP
KEITH@KERLEGALGROUP.COM

YAXIAN FAN
FAY731@YAHOO.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**V3 1013a (June 2004)**                                                    Code of Civ. Procedure , § CCP1013(a)

**KER LEGAL GROUP**
2601 Main Street, Suite 560
Irvine, CA 92614
Ph: (949) 252-9937
Fx: (888) 292-4576

**Keith E. Rodenhuis, Esq. (SB# 254465)**
**Amber C. McCall, Esq. (SB# 317892)**

Attorneys for Defendant,
City of Newport Beach

*Exempt From Filing Fees Pursuant To*
*California Government Code §6103*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 0 3 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| YA XIAN FAN, | *Reservation No. 73341904* |
| Plaintiff, | Case No.: 30-2019-01072057-CU-PO-CJC |
| vs. | [PROPOSED] JUDGMENT |
| CITY OF NEWPORT BEACH, | **LEAD DOC:** ROA No. 130 |
| Defendants(s). | **JUDGE:** Hon. Stephanie George |
| | **DEPT.:** C22 |
| | **DATE:** December 3, 2020 |
| | **TIME:** 1:30 p.m. |
| | **TRIAL:** January 26, 2021 |

The motion of the CITY OF NEWPORT BEACH was heard by the Court on the 3rd day of December, 2020 with Keith E. Rodenhuis and Amber C. McCall appearing as attorneys for Defendant; Ya Xian Fan appearing In Pro Per for Plaintiff, YA XIAN FAN.

Having considered all of the evidence set forth in the papers submitted, and the inferences

1

1    reasonably deductible therefrom, except that to which objection was sustained, the Court finds that
2    there is no triable issue as to material fact, and that the City is entitled to a judgment as a matter of
3    law. On January 8, 2021, a Proposed Order was resubmitted to the Court per the instruction of the
4    department clerk.
5           Based upon the forgoing, the Court hereby enters judgment forthwith in favor of THE CITY
6    OF NEWPORT BEACH against the Plaintiff as follows: THE CITY OF NEWPORT BEACH'S
7    Motion for Summary Judgment is GRANTED.  Plaintiff YA XIAN FAN is ordered to pay the
8    Defendant's costs in accordance with the Memorandum of Costs submitted by the City.

10   **THE CLERK IS ORDERED TO ENTER THE JUDGMENT:**

14   DATE: 3/3/21
15                                              HONORABLE JUDGE OF THE SUPERIOR COURT
16                                              STEPHANIE GEORGE

Fan v. City of Newport Beach
Request for Judicial Notice

Exhibit C
Opinion Dismissing Appeal
dated August 23, 2022

Fan v. City of Newport Beach
Ex. C

Filed 8/23/22 Fan v. City of Newport Beach CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YAXIAN FAN, | |
| Plaintiff and Appellant, | G060429 |
| v. | (Super. Ct. No. 30-2019-01072057) |
| CITY OF NEWPORT BEACH, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Glenn R. Salter and Stephanie George, Judges.  Dismissed. Respondent's motion to dismiss appeal.  Granted.  Appellant's request to provide supplemental briefing.  Denied.

Yaxian Fan, in pro. per., for Plaintiff and Appellant.

KER Legal Group and Keith E. Rodenhuis, for Defendant and Respondent.

\*          \*          \*

Yaxian Fan appeals from: (1) a judgment of dismissal following the trial court's order granting respondent City of Newport Beach's motion for summary judgment; and (2) from a postjudgment order denying her motion to vacate the judgment of dismissal.  Newport Beach (The City) filed a motion to dismiss the appeal.  As explained below, Fan failed to timely notice an appeal from the judgment of dismissal, and she fails to present any intelligible argument the superior court erred in denying her motion to vacate.  Accordingly, we dismiss the appeal.[1]

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2019, Fan filed a complaint against the City, and the matter was assigned to Judge Glenn R. Salter.  The complaint is not in the record.  However, from other documents in the record, we can infer that the complaint alleged Fan suffered a broken left arm and left heel when she jumped off a lifeguard tower in Marina Park.  The complaint alleged the City did not post warning signs and failed to properly maintain the sand around the lifeguard tower by having "fluff sand" with a minimum depth of 12 inches and raking the sand daily to meet "national council safety requirements."

The City filed a motion for summary judgment or adjudication.  The motion is not in the record.  Nor is Fan's opposition to the summary judgment motion, if any.  On December 3, 2020, the court, Judge Stephanie George presiding, granted the City's summary judgment motion, and the following day, the City provided Fan with notice of the ruling.  On March 3, 2021, the trial court entered judgment on Fan's

---

[1] After briefing was completed and the matter set for oral argument, Fan filed a document entitled "Appellant's provide all evidence as proofs that anonymity letter is false allegation."  The document purports to respond to a postjudgment letter sent to the City from an anonymous third party alleging that Fan filed her personal injury claim in bad faith.  We decline to consider the document as it addresses an issue not before this court.  Specifically, in its briefing and its motion to dismiss the appeal, the City has not alleged Fan filed a bad-faith claim.  Additionally, we decline to treat the document as supplemental briefing because under California Rules of Court, rule 8.200(a)(4), "No other brief may be filed except with the permission of the presiding justice, unless it qualifies under (b) [supplemental briefing following remand from Supreme Court] or (c)(7) [amicus briefs]."  The document does not fall within the exceptions for supplemental briefing.

complaint.  The next day, the court clerk served the notice of entry of judgment on Fan via regular and electronic mail.

On May 21, 2021, Fan moved to vacate summary judgment.  The motion stated Fan's claim against the City was based on four foreseeable dangerous conditions: (1) the close proximity of the lifeguard tower to a children's playground; (2) the dimensions of the tower (specifically, it is smaller and at lower level than other oceanfront lifeguard towers); (3) the compression of the sand surrounding the tower by the ocean tides, which made the sand as hard as concrete; and (4) the City's failure to surround the tower with "fluff sand," to rake daily, and to post warning signs.  The motion also stated that Fan had new evidence to support her claim, specifically, photographs and videos she took on January 18, 2021, showing children jumping off the lifeguard tower.

The motion to vacate also argued Judge George had abused her discretion by permitting the City's counsel to submit a tentative ruling on the summary judgment before the hearing without notifying Fan in violation of California Rules of Court, rule 3.1308.  She also faulted the court for not "read[ing] my files," and referenced several documents she submitted after the court had ruled on the summary judgment motion, including a December 7, 2020, motion to "contest tentative ruling granting Defendant['s] summary judgement."  [*Sic*.]

On June 17, 2021, after a hearing on the motion to vacate, the trial court, Judge Salter, denied the motion.  On June 23, 2021, Fan noticed her appeal from the March 3, 2021 judgment, and the June 17, 2021 order denying her motion to vacate.

## II

### DISCUSSION

The City contends Fan's appeal should be dismissed because it is untimely, and Fan's opening brief fails to articulate any pertinent or intelligible legal argument. We must agree.

First, Fan's appeal of the March 3, 2021 judgment is untimely. "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc*. (1997) 15 Cal.4th 51, 56.) California Rules of Court, rule 8.104(a) of the California Rules of Court provides in pertinent part that a notice of appeal must be filed on or before the *earliest* of "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment," or "180 days after entry of judgment." Here, the clerk served notice of entry of judgment on March 4, 2021, but Fan did not file her notice of appeal until June 23, 2021, more than 60 days later. Fan has waited too long to appeal the order denying her motion for new trial, and thus that portion of her appeal must be dismissed.

Her appeal of the June 17, 2021 postjudgment order denying her motion to vacate must also be dismissed. At the outset, we note that the postjudgment order does not extend the deadline to appeal the summary judgment, but is separately appealable "even if it raises issues that could have been litigated via an appeal of the judgment." (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.) Fan's opening brief, however, fails to articulate any pertinent or intelligible argument suggesting the trial court committed reversible error in denying her motion to vacate. Indeed, it does not discuss the motion to vacate, but solely discusses the order granting summary judgment. "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an

4

opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Even were we to liberally construe the briefing as challenging the motion to vacate based on the same issues concerning the summary judgment, Fan failed to meet her appellate burden to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) Fan's briefing does not include any citations to the record. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited].) More important, the record does not permit meaningful review of the summary judgment because it does not include the complaint, the summary judgment motion and its supporting documents, Fan's opposition, or the hearing transcript. (See *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 ["It is the duty of the appellant to present an adequate record to the court from which prejudicial error is shown"].) In addition, Fan's allegation she opposed the summary judgment is based on her unsworn statements, which are not evidence, or on new evidence submitted *after* the ruling on the summary judgment, which we cannot consider in reviewing the ruling. (*In re Zeth S.* (2003) 31 Cal.4th 396, 413-414, fn. 11.) Finally, Fan does not cite any authority for her claim that an error, such as the purported error related to tentative ruling, warranted reversing the judgment. (See *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

We are aware that Fan brings this appeal without the benefit of legal representation, but her status as an in propria persona litigant does not exempt her from

the rules of appellate procedure or relieve Fan of her burden on appeal.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  We treat in propria persona litigants like any other party, affording them "'the same, but no greater consideration than other litigants and attorneys.'"  (*Id.* at p. 1247.)  In sum, we exercise our discretion to dismiss the appeal here.  (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1119.)

III

DISPOSITION

The appeal is dismissed.  Respondent is awarded its costs on appeal.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

MOTOIKE, J.

Fan v. City of Newport Beach
Request for Judicial Notice

Exhibit D
Denial of Petition for Review by Cal. Supreme Court
dated November 9, 2022

Fan v. City of Newport Beach
Ex. D

Court of Appeal, Fourth Appellate District, Division Three - No. G060429

S276715

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

SUPREME COURT
FILED

YAXIAN FAN, Plaintiff and Appellant,

NOV  9 2022

Jorge Navarrete Clerk

v.

CITY OF NEWPORT BEACH, Defendant and Respondent.

Deputy

The petition for review is denied.

**CANTIL-SAKAUYE**

*Chief Justice*