_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                          Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [33] [34] AND DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**

     Before the court are Defendants City of Newport Beach's ("City of Newport") and Defendant Keith Rodehius's ("Mr. Rodehius") (collectively, "Defendants") Motions to Dismiss Case.  (Dkts. 33, 34 (collectively, "Motions").)  Plaintiff Yaxian Fan ("Plaintiff"), appearing *pro se*, opposes the Motion.[1]  (Dkt. 35.)  Defendants also filed two reply briefs.  (Dkts. 36, 37.)  The court held a hearing on this matter on January 25, 2024.  (Dkt. 40.)  Based on the record, as applied to the applicable law, the Motions are **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

     I.     **Background**

_____

[1] On January 18, 2024, Plaintiff filed two additional documents entitled "Plaintiff Opposition Continue to Reply Motion to Dismiss SAC Pursuant to Civil Right for Fair Trial and Children Safety in Due Process of 14th Amendment" and "Declaration of Plaintiff All Evidence and Documents in Support KER Untimely Filed Summary Judgment and Judge George Was Untimely Signed the Claim Are Truthful Represent."  (Dkts. 38, 39.)  These documents were filed after the deadline to file an opposition to the Motions, and the court does not consider these documents in its analysis.  *See* L.R. 7-9; 7-12.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                  Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

## A.      Procedural Background

Plaintiff brings this action following an unsuccessful personal injury suit against the City of Newport Beach in Orange County Superior Court.  (*See generally* Dkt. 1.)  In the Complaint, Plaintiff asserted a single negligence claim against the City of Newport Beach arising from a slip and fall incident at Marina Park.  (*See generally id.*)  The court granted the City of Newport's motion to dismiss, (Dkt. 8), and dismissed the Complaint with leave to amend on February 24, 2023.  (Dkt. 15.)

Plaintiff filed a First Amended Complaint ("FAC") on March 24, 2023, asserting two claims pursuant to 42 U.S.C. § 1983 and a premises liability claim.  (Dkt. 16.)  In summary, the FAC alleged a broad-ranging conspiracy to violate Plaintiff's due process rights between the City of Newport, Mr. Rodehius, the "Appellate Court of Fourth Appellate District Division Three," the Orange County Superior Court, the presiding state court judge, and various court clerks.  (*See, e.g., id.* ¶¶ 2, 4, 5, 9, 10, 12-18.)  The court granted the City of Newport's motion to dismiss the FAC, (Dkt. 18), and dismissed the FAC.  (Dkt. 28 at 13.)  The court dismissed Plaintiff's claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals, as well as Plaintiff's premises liability claim, without leave to amend.  (*Id.*)  The court dismissed Plaintiff's 42 U.S.C. § 1983 claims against City of Newport Beach and Mr. Rodehius with leave to amend.  (*Id.*)  Defendants now move to dismiss Plaintiff's Second Amended Complaint.  (Dkts. 33, 34.)

## B.      Summary of the SAC's Allegations[2]

Plaintiff's SAC includes twenty pages of text and fifty pages of attachments.  (*See generally* Dkt. 31 ("SAC").)  Because Plaintiff's allegations do not substantially differ from the FAC, the court provides a high-level summary here.

_____

[2] For purposes of the Motion, the court "accept[s] factual allegations in the Complaint as true and construes the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                    Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

Plaintiff alleges that Mr. Rodehius owns Ker Legal Group, which has represented the City of Newport in both the state and federal suit.  (SAC at 2.)  Mr. Rodehius and Ker Legal Group purportedly engaged in "abusive Noerr-Pennington doctrine" to "shield his conflicts [of] interest, collect monetary of two parties, [and] unlawful representations" on numerous occasions, including by filing a notice of ruling, threatening to file a motion for sanctions in the state court action, obtaining attorney's fees and costs after summary judgment was granted in the City of Newport's favor, and arguing that Plaintiff's appeal was untimely.  (*Id.* at 2-3, 10-12.)  Mr. Rodehius and Ker Legal Group also allegedly repeatedly told Plaintiff that her lawsuits were not meritorious in emails.  (*Id.* at 10-11.)

In addition, Plaintiff alleges that Mr. Rodehius and Ker Legal Group "influenced" the Orange County Superior Court Courtroom Operation Supervisor Stacy D. Secours[3] to violate Plaintiff's due process rights by withholding Plaintiff's documents and failing to scan the documents to the docket.  (*Id.* at 9, 13-15.)  Further, Plaintiff again alleges that the City of Newport was negligent in maintaining the park where Plaintiff was injured.  (*Id.* at 5-8.)  Unlike the Complaint and FAC, Plaintiff did not include a Prayer for Relief in the SAC, and it is unclear what relief Plaintiff is seeking.  (*See generally id.*)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must

_____

[3] Ms. Secours is not a named defendant in this matter.  (*See generally* Dkt.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                           Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows

**CIVIL MINUTES – GENERAL**                                                     **4**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                    Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

### III.   Discussion

In the Motions, Defendants argue that the court should dismiss the SAC without leave to amend because: (1) Plaintiff improperly reasserts the premises liability claim the court previously dismissed; (2) Defendants' litigation conduct is protected by the *Noerr-Pennington* doctrine; and (3) Plaintiff has not alleged any facts suggesting a sham exception to the *Noerr-Pennington* doctrine applies. (Dkt. 33 at 10-14; Dkt. 34 at 10-14.) Plaintiff contends that her premises liability claim is timely, that the SAC adequately alleges that Defendants deprived Plaintiff's right to a fair trial, and that the SAC alleges a sham exception to the *Noerr-Pennington* doctrine applies. (*See* Dkt. 35 at 1-21.)

The court must construe *pro se* pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). In the SAC, Plaintiff appears to allege a due process claim pursuant to 42 U.S.C. § 1983. (*See, e.g.*, SAC at 1-3, 9-10, 12-15.) 42 U.S.C. § 1983 provides a remedy for the deprivation of federal constitutional and statutory rights by a person acting under the color

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                    Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

of state law.  *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980).  "To state a claim under 42 U.S.C.
§1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the
United States[] and must show that the alleged deprivation was committed by a person acting
under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The plaintiff also must
"demonstrate that the defendant's conduct was the actionable cause of the claimed injury."
*Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  "Such causation 'can be
established' either 'by some kind of direct personal participation in the deprivation' or 'by
setting in motion a series of acts by others which the actor knows or reasonably should know
would cause others to inflict the constitutional injury.'"  *Chaudhry v. Aragon*, 68 F.4th 1161,
1169 (9th Cir. 2023) (quoting *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th
Cir. 1994)).

     The Due Process Clause of Fourteenth Amendment provides that no state may "deprive
any person of life, liberty, or property, without due process of law[.]"  U.S. Const., amend. XIV.
"A procedural due process claim under the Fourteenth Amendment has three elements: '(1) a
liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the
government; (3) lack of process.'"  *Herrera v. Alliance One Receivable Mgmt., Inc.*, 170 F.
Supp. 3d 1282, 1288 (S.D. Cal. 2016) (citing *Portman v. Cnty. of Santa Clara*, 995 F.2d 898,
904 (9th Cir. 1994)).  "The fundamental requirement of due process is the opportunity to be
heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldrige*, 424 U.S. 319,
333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

     In this case, Plaintiff alleges Defendants violated her Fourteenth Amendment due process
rights by: (1) "influencing" the Orange County Superior court clerk to withhold Plaintiff's
filings; (2) filing a notice of ruling as to the state court's summary judgment ruling;
(3) threatening to file a motion for sanctions in the state court action; (4) obtaining attorney's
fees and costs after summary judgment was granted in the City of Newport's favor; and
(5) arguing that Plaintiff's appeal was untimely.  (SAC at 2-4, 10-12.)

     The court finds the SAC's allegations fail to state a due process claim under 42 U.S.C.
§ 1983 for the same three reasons previously identified by the court.  (*See* Dkt. 28 at 6-14.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                     Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

First, Plaintiff again fails to municipal liability against the City of Newport pursuant to section 1983.  Local governments and municipalities can only be held liable pursuant to section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978)).  Thus, to establish a claim for municipal liability, the plaintiff must allege that: "(1) [the plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  In this case, the court finds Plaintiff has not sufficiently alleged either a policy attributable to the City of Newport or facts demonstrating such policy was the moving force behind the alleged constitutional violation.  (*See generally* SAC.)  Accordingly, the court concludes Plaintiff has failed to state a section 1983 claim against the City of Newport Beach. *See, e.g.*, *Tillman v. L.A. Cnty. Dist. Att'y's Off.*, 2023 WL 5505891, at \*11-12 (C.D. Cal. July 31, 2023) (finding plaintiff failed to state a procedural due process claim against a municipal entity where plaintiff did not allege a policy or causation).

   Second, to the extent Plaintiff alleges a section 1983 claim against Defendants based on their litigation conduct, the court again finds that Plaintiff's allegations all relate to conduct protected under the *Noerr-Pennington* doctrine.  "The *Noerr-Pennington* doctrine . . . provides that litigation activity (including pre-litigation cease-and-desist letters) cannot form the basis of liability unless the litigation is a 'sham.'" *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 532 n.1 (9th Cir. 2022) (quoting *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 347 n.1 (9th Cir. 2014)) (citations omitted); *see also Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability" and immunity thereunder "applies to claims under § 1983 that are based on the petitioning of public authorities").  The doctrine extends "to litigation activities by government actors and their attorneys." *B&G Foods N. Am.*, 29 F.4th at 536; *see also Kearney v. Foley & Lardner, LLP*,

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                              Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

590 F.3d 638, 645 (9th Cir. 2009)) ("The agents of that litigation—employees and law firms and lawyers—may benefit from the immunity as well.").

To determine whether the *Noerr-Pennington* doctrine immunizes a defendant's conduct, the court performs a three-step analysis that examines: "(1) 'whether the lawsuit imposes a burden on petitioning rights,' (2) 'whether the alleged activities constitute protected petitioning activity,' and (3) 'whether the statute[ ] at issue may be construed to [avoid] that burden.'" *Id.* at 535 (quoting *Kearney*, 590 F.3d at 644). As discussed above, the SAC alleges Mr. Rodehius and/or Ker Legal Group "influenced" the courtroom clerk to hold onto Plaintiff's documents, filed a "notice of ruling," recovered costs and fees against Plaintiff as the prevailing party in that suit, filed, and later withdrew, a sanctions motion against Plaintiff, and argued that Plaintiff's claims were meritless and untimely. (*See, e.g.*, SAC at 2-4, 10-12.)

At the first step of the *Noerr-Pennington* analysis, the court finds the SAC challenges defensive petitioning activity by Defendants such that "the success of [Plaintiff's] lawsuit would constitute a burden on petitioning rights." *See Kearney*, 590 F.3d at 645; *Sosa*, 437 F.3d at 934 (holding that in order for a party to be able to "exercise its petitioning rights meaningfully," that party "may not be subjected to liability for conduct intimately related to its petitioning activities")

At the second step, the court finds the alleged activities, namely filing motions in state court, making legal arguments, and requesting costs and fees, constitute petitions and "conduct incidental to the prosecution of the suit" protected by the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) (stating "litigation activities which constitute communications to the court may be fairly described as petitions," including "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something") (internal quotation marks, alterations, and citations omitted); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) ("*Noerr–Pennington* immunity, and the sham exception, also apply to defensive pleadings . . . because asking a court to deny one's opponent's petition is also a form of petition . . . .") (citation omitted).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                   Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

At the third step, the court finds Plaintiff has not identified any aspect of section 1983 that proscribes Defendants' litigation conduct at issue here. *See, e.g.*, *Williams v. Jones & Jones Mgmt. Grp.*, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (finding plaintiff's § 1983 claim, *inter alia*, barred by the *Noerr-Pennington* doctrine where plaintiff did not identify how § 1983 proscribed defendants' litigation activities). Thus, the court concludes the *Noerr-Pennington* doctrine bars Plaintiff's section 1983 claims against Defendants unless a sham exception applies.

The Ninth Circuit has identified "three circumstances in which the sham litigation exception might apply," including: (1) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Sosa*, 437 F.3d at 938 (quoting *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)).

In this case, the court finds Plaintiff does not adequately allege that her section 1983 claims fall within a "sham" exception to the *Noerr-Pennington* doctrine. With respect to the first sham exception, Plaintiff has not sufficiently alleged that Defendants' defense was "baseless" such that "no reasonable litigant could realistically expect success on the merits" because Plaintiff concedes that judgment was entered in the City of Newport's favor in the state court suit. *B&G Foods N. Am.*, 29 F.4th at 538; *see also White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000) ("A winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham.") (quoting *Pro. Real Est. Invs. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 n.5 (1993)). The second sham exception does not apply because Plaintiff alleges only a single lawsuit initiated by Plaintiff, rather than "a series of lawsuits" brought by Defendants. *See Sosa*, 437 F.3d at 938. With respect to the third sham exception, Plaintiff has not adequately alleged any intentional misrepresentations that Mr. Rodehius and/or Ker Legal

_____

**CIVIL MINUTES – GENERAL**                                                                 **9**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                              Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

Group made to the court during the state court proceedings.  *See id.*  Accordingly, and alternatively with respect to the City of Newport, the court concludes Plaintiff's section 1983 claim against Defendants is barred by the *Noerr-Pennington* doctrine.

Finally, to the extent that Plaintiff reasserts any previously dismissed claims, namely her section 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals and her premises liability claim against the City of Newport based on the slip and fall incident, the court notes that these claims were previously dismissed without leave to amend and Plaintiff cannot *sua sponte* reassert those claims in this suit.  *See, e.g.*, *Peyton v. Brown*, 2016 WL 11758972, at *2 (C.D. Cal. Nov. 4, 2016) ("To the extent Plaintiff reasserts previously dismissed claims, he is barred from doing so."); *Gjurovich v. California*, 2010 WL 4321604, at *5 (E.D. Cal. Oct. 26, 2010) ("[A] 'complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims.'") (citation omitted).

Nonetheless, the court also incorporates by reference its prior reasoning for dismissing those claims without leave to amend pursuant to the Eleventh Amendment, the doctrines of absolute and quasi-judicial immunity, and the applicable statute of limitations.  (*See* Dkt. 28 at 6-14.)  Consistent with that Order, the court **DISMISSES** Plaintiff's section 1983 claims against the Orange County Superior Court, the Orange County Superior Court judge and courtroom clerks, and the California Court of Appeals **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**.  *See, e.g.*, *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (affirming district court's dismissal of claims against individual state officers without leave to amend because claims were futile based on Eleventh Amendment immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming district court's denial of leave to amend where plaintiff's allegations were insufficient to overcome judicial immunity); *Narula v. Orange Cnty. Superior Ct.*, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (affirming dismissal of claims against the Orange County Superior Court with prejudice where claims were barred by the Eleventh Amendment).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                                Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

The court also **DISMISSES** Plaintiff's premises liability claim against Defendant **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**. *See, e.g.*, *Anderson v. Anthem Blue Cross*, 776 F. App'x 465, 465 (9th Cir. 2019) (affirming dismissal of claims barred by the statute of limitations without leave to amend).

In sum, the court finds the SAC has failed to state a claim for relief against Defendants and thus **GRANTS** the Motions and **DISMISSES** the SAC.  The court next considers whether Plaintiff's section 1983 claims against Defendants in the SAC should be dismissed with leave to amend.

"Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).  A district court may deny leave to amend due to "'countervailing considerations' such as 'undue delay, prejudice, bad faith, or futility.'" *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)).  "Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'" *Id.* (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)).  Further, "a district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

At this stage of the proceedings, the court has twice granted Plaintiff leave to amend. Plaintiff has failed to cure the deficiencies identified by the court and continues to assert the same factual allegations the court previously deemed insufficient and the same claims the court previously dismissed.  (*See generally* Dkt. 15; Dkt 31.)  Based on Plaintiff's allegations regarding the state court action, the exhibits attached to the SAC, and the parties' arguments in

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02178-FWS-DFM                          Date: May 7, 2024
Title: Yaxian Fan v. City of Newport Beach *et al.*

briefing, the court finds Plaintiff cannot cure the pleading deficiencies in her section 1983 claims against Defendants because the *Noerr-Pennington* doctrine would bar any claims arising from Defendants' state court litigation.  *See, e.g.*, *Gonzalez*, 759 F.3d at 1117 (holding the district court did not abuse its discretion by dismissing the plaintiff's claims without leave to amend "[b]ecause [the plaintiff's] own complaint attachments defeat the plausibility of his allegations, and because he had already amended his complaint several times"); *Campos v. 1169 Palms LLC*, 2022 WL 17369631, at *8 (C.D. Cal. May 23, 2022) (dismissing without leave to amend where the plaintiff "had two opportunities to allege these straightforward claims and has failed to do so" and "made no attempt to demonstrate how these claims could be amended to avoid the bar of the *Rooker-Feldman* and the *Noerr-Pennington* doctrines"); *Evanger's Dog & Cat Food Co., Inc. v. Env't Democracy Project*, 2022 WL 180205, at *7 (C.D. Cal. Jan. 20, 2022) (finding that "granting [p]laintiff leave to amend its state tort claims would be futile because the *Noerr-Pennington* doctrine would bar any tort claim arising from Defendant's demand letters").  Accordingly, the court **DISMISSES** Plaintiff's section 1983 claims **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

## IV.   Disposition

   For the reasons states above, the court **GRANTS** the Motions, (Dkts. 33, 34), and **DISMISSES** the SAC **WITHOUT LEAVE TO AMEND.**  The court **ORDERS** Defendants to lodge a proposed judgment consistent with this Order and the court's September 29, 2023, Order on or before **May 17, 2024**.  Plaintiff may then file any objections to the proposed judgment on or before **May 31, 2024**.  The court also **VACATES** all remaining dates in this matter, including the pre-trial conference on May 16, 2024, and the trial on May 28, 2024, and **DENIES AS MOOT** the City of Newport's motion in limine, (Dkt. 47).

       **IT IS SO ORDERED.**                          Initials of Deputy Clerk:  mku

_____